**ERIE CONDUIT CORPORATION,**
Plaintiff,

v.

**METROPOLITAN ASPHALT PAVING
ASSOCIATION, et al., Defendants.**

No. 77 CIV 0521.

United States District Court,
E.D. New York.

March 9, 1983.

Wall & Beck, New York City, for plaintiff; Patrick M. Wall, and Oren Root, New York City, of counsel.

William Esbitt, New York City, for defendants Frank Mascali & Son, Inc., Frank Mascali, Jr., and Frank Locurto, Tully & Di Napoli, Inc., Columbia Asphalt Corp., Gerald Tully and Precast Inc.

Lawrence M. Honig, New York City, for defendants Jet Asphalt Corp., Durante Bros. & Sons, Inc., Frank Castiglione and Luis Durante.

Bandler & Kass, New York City, for defendants Anthony Grace & Sons, Inc., Metropolitan Asphalt Corp., Metropolitan Precast Products, Inc., Richard Grace and Anthony Grace; Richard L. Gold, New York City, of counsel.

Nicolosi, Robinson & Giaimo, Bayside, N.Y., for defendant Daniel S. Garvey; Thomas Robinson, Bayside, N.Y., of counsel.

LaRossa, Brownstein & Mitchell, New York City, for defendants Charles Follini, Robert Follini, and Edenwald Contracting Corp.; Paul B. Bergman, New York City, of counsel.

## MEMORANDUM AND ORDER

### McLAUGHLIN, District Judge.

Erie Conduit Corporation ("Erie") instituted this action on March 14, 1977 pursuant to 15 U.S.C. §§ 15 and 26 (Clayton Act), charging a conspiracy in violation of 15 U.S.C. §§ 1 and 2 (Sherman Act). Defendants have jointly moved to dismiss the complaint for (1) failure to prosecute, (2) failure to produce evidence of damages, and (3) failure to comply with the Order of this Court dated November 20, 1981. Defendants have also moved for summary judgment pursuant to Fed.R.Civ.P. 56 or, in the alternative, for an order pursuant to Fed.R. Civ.P. 37 precluding Erie from introducing evidence of damages at trial. Because virtually identical motions were denied by Judge Mishler prior to the transfer of the case to this Court, Judge Mishler's previous rulings stand as law of the case, and defendants' renewed motions must be denied.

## BACKGROUND

Late in 1980, defendants jointly moved to dismiss the complaint for failure to prosecute and for failure to produce any evidence of damages. In the alternative, defendants sought an order pursuant to Fed.R.Civ.P. 37 precluding plaintiff from producing evidence of damages at trial. Judge Mishler denied defendants' motions in all respects, stating that "[t]he question of the legal sufficiency of evidence of damage is reserved until after the plaintiff has presented its evidence and rested." Memorandum of Decision and Order, p. 2 (January 8, 1981).

Defendants, upon receiving Judge Mishler's Order, immediately moved to reargue their motions or, in the alternative, to certify an interlocutory appeal to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1292(b). In support of their motions, defendants claimed, *inter alia,* that Judge Mishler had "overlooked completely" the cases of *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062 (2d Cir.1979), and *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664 (2d Cir.1980).[1] Esbitt Affidavit at p. 2 (January 28, 1981).

On February 20, 1981, Judge Mishler denied "[d]efendants' motions to reargue their prior motions to dismiss (or for summary judgment) and, in the alternative, for leave

---

1. In *Cine Forty-Second Street Theatre Corp.,* the court held that an antitrust plaintiff's grossly negligent failure to obey an order compelling discovery of plaintiff's evidence of damages may justify an order pursuant to Fed.R.Civ.P. 37 precluding plaintiff from introducing evidence of damages at trial. The failure of plaintiff's counsel to comply with the order was characterized by the court as "gross negligence amounting to a 'total dereliction of professional responsibility' ...." 602 F.2d at 1065. The court, fully cognizant of the effect of the pre- clusion order, stated that "[t]his sanction was, of course, tantamount to a dismissal of Cine's damage claim, but left standing its claim for injunctive relief." *Id.* at 1065.

In *Chira, supra,* the court upheld dismissal of a job discrimination/wrongful discharge from employment case, pursuant to Fed.R.Civ.P. 41(b), after finding that plaintiff and his counsel "did absolutely nothing at all to move their case to trial" during the six-month period ordered by the trial judge for completion of discovery. 634 F.2d at 666.

to appeal to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1292(b) . . . ." Memorandum of Decision and Order, p. 1 (February 20, 1981).[2]

Defendants subsequently requested that Judge Mishler refer the case to a United States Magistrate for a report and recommendation on the issue of "whether the proof of plaintiff's alleged damages is sufficient to create a factual issue warranting a trial." Richard L. Gold Letter to Judge Mishler (July 23, 1981). Judge Mishler denied the defendants' request stating that the issue of "[w]hether plaintiff can make out a prima facie case on the issues of causal relation and damages will await the presentation of the plaintiff's case at trial and *not before.*" Judge Mishler Letter to All Parties (July 27, 1981).

Shortly after this series of orders by Judge Mishler, the case was transferred to this Court. In an effort to further narrow the issues for trial, the Court issued the following order:

> On or before December 14, 1981, plaintiff is ordered to disclose to defendants the identity of its expert witness on the issue of damages. At the same time, plaintiff is ordered to file with this Court and to produce to defendants a comprehensive report setting forth each of its damage theories, a brief statement of the facts and opinions relevant to plaintiff's damage theories, and a summary of the grounds for each opinion.

Order (November 20, 1981).

Plaintiff subsequently named Frank L. Holloway as its expert witness on the issue of damages and furnished defendants and the Court with a copy of Holloway's report. Patrick M. Wall Letter to Judge McLaughlin (December 14, 1981). Upon receipt of the Holloway report and after conducting a portion of the deposition of Holloway, Messrs. Honig and Esbitt filed the instant motions. Mr. Gold joined in those motions.

Oral argument on the "Honig-Esbitt" motions was heard on May 18, 1982. The Court reserved decision on the motions and further ordered that "counsel for the plaintiff submit a memorandum of law on whether a 'reasonably competent construction company' analysis constitutes sufficient evidence of damages in this case . . . ." Order (May 18, 1982). Plaintiff filed its memorandum of law on September 23, 1982, and Messrs. Honig and Esbitt filed "replies" on October 12, 1982. Plaintiff's "sur-reply" was filed on October 29, 1982.

## DISCUSSION

"Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single lawsuit." 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478 at 788 (1981). These rules reflect "the respect that one judge or court owes the rulings of another judge or court in the same or closely related cases." *Id.*

The doctrine of law of the case "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed.2d 1152 (1912) (Justice Holmes). *See also United States v. Birney,* 686 F.2d 102, 107 (2d Cir.1982) (application of law of the case doctrine is not an inviolate rule); *Schupak v. Califano,* 454 F.Supp. 105, 114 (E.D.N.Y.1978) ("[T]he principle is not inexorable or absolute, but is founded on the policy of judicial economy.").

It is generally held, however, that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Zdanok v. Glidden Company, Durkee Famous Foods Division,* 327 F.2d 944, 953 (2d Cir.), *cert. denied,* 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964). Factors justifying departure from this general rule were summarized in the frequent-

---

**2.** Although Judge Mishler denied these motions without opinion, I must assume that he gave due consideration to defendants' vigorous argument that *Cine Forty-Second Street Theatre Corp.* and *Chira, supra,* would authorize the order of preclusion sought by defendants or, in the alternative, dismissal of Erie's claim for damages.

ly cited case of *White v. Murtha,* 377 F.2d 428 (5th Cir.1967), where the court stated that:

> '[L]aw of the case' ... must be followed in all subsequent proceedings in the same case ... unless ... controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice.

*Id.* at 431–32.

■ Examination of the papers submitted in support of the Honig-Esbitt motions currently before the Court reveals that those motions are based primarily upon the authority of *Cine Forty-Second Street Corp., supra,* and its progeny. Those cases, however, having been extensively cited by defendants in their joint motions to reargue Judge Mishler's denial of summary judgment, *see* Esbitt Affidavit at p. 2 (January 28, 1981), do not constitute intervening authority contrary to Judge Mishler's decisions. Rather, they were decided prior to Judge Mishler's rulings and were fully briefed and vigorously argued.

Nor have cases decided by the Second Circuit subsequent to Judge Mishler's rulings expanded *Cine Forty-Second Street Theatre Corp.*'s holding to the point where such cases themselves could be considered intervening contrary authority; rather, these cases track the rationale of *Cine* quite closely.[3]

■ Additionally, no order of this Court issued subsequent to the transfer of the case has superseded Judge Mishler's rulings. The Court entertained defendants' renewed motions for summary judgment and required a thorough briefing of the pertinent issues via its Orders of November 20, 1981 and May 18, 1982. The Court is not thereby estopped, however, from denying summary judgment or Rule 37 sanctions based upon law of the case, once it has determined that the pending motions are essentially the same as those denied by another Judge of this Court.

Finally, I find that Judge Mishler's denial of defendants' prior motions was neither clearly erroneous nor manifestly unjust. *See White v. Murtha,* 377 F.2d at 431–32.

It is difficult indeed to show that a prior decision rendered by a different judge in the same case was clearly erroneous. That difficulty, however, increases when the prior decision was discretionary in nature, as was Judge Mishler's decision to deny defendants' motions for summary judgment or sanctions.[4]

■ The Honig-Esbitt motions allege, as an additional grounds for summary judgment or Rule 37 sanctions, that plaintiff has failed to comply with this Court's Order of November 20, 1981. Honig Affidavit at p. 12 (February 3, 1982). Obviously this is an argument different than those previously advanced before Judge Mishler, and it would, to a certain extent, serve to distinguish the pending motions from the ambit of law of the case. I find, however, that plaintiff has substantially complied with the November 20, 1981 Order. Accordingly, dismissal or preclusion under the "gross negligence" standard of *Cine Forty-Second Street Theatre Corp.* is not warranted.

■ Defendants also argue that much of the material adduced by plaintiff in response to the Court's Order of November 20, 1981 is precluded from introduction into evidence by an Order of Preclusion issued by Magistrate Jordan on January 25, 1979. Honig Reply Affidavit at p. 6 (October 8, 1982).

That Order, in relevant part, precluded plaintiff from introducing "[c]opies of work sheets and copies of cost estimates and records showing the cost of performance for

---

3. *See, e.g., Lyell Theatre Corporation v. Loews Corporation,* 682 F.2d 37 (2d Cir.1982); *Penthouse International, Ltd. v. Playboy Enterprises, Inc.,* 663 F.2d 371 (2d Cir.1981).

4. "[A] motion for summary judgment is always addressed to the discretion of the court." *Perma Research & Development Company v. Singer Company,* 308 F.Supp. 743, 750 (S.D.N.Y. 1970), *see also* 6 J. Moore, W. Taggart, Moore's Federal Practice, Para. 56.15[6] (2d ed. 1982). Moreover, Rule 37's panoply of sanctions against recalcitrant parties is also preceded by discretionary language. *See* Fed.R.Civ.P. 37(b)(2) ("[T]he court ... *may* make such orders in regard to the failure [to comply] as are just ....") (emphasis added).

each of Erie Conduit's four contracts with the Department of Highways ...." I agree with plaintiff, however, that this Order precludes introduction of only those records, if any, which were in plaintiff's possession at the time the Order was issued. This view is consistent with the language of Rule 34 which mandates production of documents "which are in the possession, custody or control of the party upon whom the request is served ...." Fed.R.Civ.P. 34(a).

Accordingly, defendants' motions are denied in their entirety, and the parties are ordered to appear before the Court on March 15, 1983 at 9:30 a.m. for the purpose of setting a trial date.

SO ORDERED.