**Edward CLARK, Plaintiff,**

v.

**Crispus NIX, et al., Defendants.**

**Civ. No. 76–54–1.**

United States District Court,
S.D. Iowa, C.D.

Feb. 14, 1984.

## MODIFICATION ORDER

STUART, Chief Judge.

The Court entered its Ruling and Order on December 19, 1983. Defendants, on December 29, 1983, moved the Court to amend certain factfindings made in the Ruling and Order or, in the alternative, to supplement the facts set forth in the Ruling and Order. Plaintiff has resisted one allegation made by defendants in the December 29 motion. Accordingly, the Court concludes that defendants' December 29 motion is fully submitted and ready for ruling.

Defendants contend that the Court's conclusion concerning the constitutional minimum frequency of close management ("CM") review hearings for inmates referred from disciplinary segregation is based on erroneous, assumed facts. To assist the Court in correcting the alleged erroneous implicit factfindings, defendants have proposed that the Court accept three fact statements that are allegedly correct. In addition, defendants request the Court to expressly incorporate a finding that plaintiff, as allegedly stated at oral argument, has "no quarrel with how close-management procedure was being applied by defendants and that the procedure was being honestly applied to inmates and that they weren't being placed or retained arbitrarily or capriciously in close-management status."

Plaintiff has resisted defendants' contention that plaintiff admitted in open court the absolute propriety of defendants' CM plan as adopted and implemented. According to plaintiff, his counsel merely stated that, to her knowledge, few inmates were being placed in CM, defendants' CM review procedures were being followed, and that CM inmates were apparently progressing through the levels established in defendants' plan.

■ Defendants seek amendments or supplements to the Court's factfindings under Federal Rule of Civil Procedure 52(b), which is intended to permit a party to move the trial court to clarify or supplement factfindings to enable the appellate court to understand the factual issues determined at trial. *Lewis v. Blackburn*, 555 F.Supp. 713, 724 (W.D.N.C.1983); 9 C. Wright & A. Miller, Federal Practice & Procedure; section 2582, at 722 (1971). The purpose of a motion under Rule 52(b) is to allow the trial court to correct manifest errors of law or fact. *Evans, Inc. v. Tiffany & Co.*, 416 F.Supp. 224, 244 (N.D.Ill. 1976). In order to clarify for the Court of Appeals its prior factfindings, the Court will consider each of defendants' alleged assumed, implicit factfindings and alleged correct factual statements.

*I. Assumed Fact 1:* All or most inmates, having been sanctioned with a term of thirty or more days in disciplinary segregation, are placed in close management after thirty days in disciplinary segregation or after the end of their disciplinary segregation term.

Having read defendants' filings, Defendants' Report to the Court & Memorandum of Law, at 5, filed at May 4, 1983; Defendants' Supplement to Defendants' Report &

Memorandum of Law, Affidavit at 1, filed at June 30, 1983, and having heard defendants' counsel at the October 11, 1983, oral arguments, the Court is aware that not all, and not necessarily most, inmates having been sanctioned with a thirty or more day term [hereinafter "an extended term"] in disciplinary segregation are placed in close management. The Court was aware of this fact at the time it entered its Ruling and Order. Ruling & Order, at 16, filed at Dec. 19, 1983.

Defendants' counsel, however, stated at hearing that, though not all inmates having finished extended terms in disciplinary segregation would be placed in CM, the majority of inmates in CM were those referred from disciplinary segregation. This fact was considered by the Court as one of many reasons for considering the frequency of review hearings for "referral" and for "standard" CM inmates as two distinct issues.

The Court also is, and was at the time it issued its Ruling and Order, aware that extended-term disciplinary segregation inmates are not referred to CM until they have completed their full term in disciplinary segregation. Ruling & Order, at 16, filed Dec. 19, 1983. This fact was, again, clear to the Court from reading defendants' filings and hearing defendants' counsel at oral argument.

*II. Assumed Fact 2:* Inmates in disciplinary segregation are placed in CM after having served only thirty days of their term in disciplinary segregation.

The Court refers defendants and the Court of Appeals to the last paragraph of section I to indicate that the Court did not assume this fact implicitly in making its conclusion concerning the constitutional minimum frequency of CM review hearings for inmates referred from disciplinary segregation to CM.

*III. Assumed Fact 3:* That inmates having served an extended term in disciplinary segregation are placed in CM without a prior CM placement hearing.

The Court did not know, when it issued its Ruling and Order, whether inmates referred from disciplinary segregation to CM received a hearing prior to placement in CM. It is unclear from the October 11 oral arguments whether it is fact that all inmates so referred receive a prior placement hearing. Furthermore, this fact is not apparent from defendants' written CM policy. Close Management Policy, at 3, filed May 12, 1983 (Appendix to Defendants' Memorandum). In one filing, however, defendants did assert that all inmates referred from disciplinary segregation receive a hearing before CM placement. Defendants' Report to the Court and Memorandum of Law, at 5, filed May 4, 1983. Because that sole factual assertion is not controverted on the record, the Court will accept as fact that all inmates referred from disciplinary segregation to CM receive a hearing before CM placement.

*IV. Alleged Fact 1:* Although defendants refer all inmates having served an entire extended term in disciplinary segregation for consideration for placement in CM, in almost one year only twenty inmates were so referred and placed in CM.

This alleged fact is not supported by any part of the record. Thus, the Court refuses to find this as fact. The Court, however, re-affirms its prior finding that the majority of CM inmates are those referred from disciplinary segregation.

*V. Alleged Fact 2:* Inmates receiving an extended term in disciplinary segregation for violating disciplinary rules, serve their entire term before referral to CM.

The Court again states it knows this to be fact and that it knew this as fact on December 19, 1983. See Section I, *supra.*

*VI. Alleged Fact 3:* Inmates in CM whether from general population or from disciplinary segregation, receive a placement hearing before being placed in CM.

The Court did not recognize this as fact at the time it issued its December 19 Ruling and Order. The Court now accepts this as fact. See Section III, *supra.*

**1518**

*VII. Alleged Fact 4:* Plaintiff has no quarrel with how the CM procedure is applied; plaintiff believes the procedure is being honestly applied·and that inmates are not being retained arbitrarily or capriciously in CM.

■ Counsel for plaintiff stated at the October 11 oral argument that, as it relates to retention, the CM policy has been used in a "fair way". The Court does not interpret this statement as a concession that plaintiff does not seek to assert his challenges to elements of that policy. Rather, the Court interprets plaintiff's counsel to have meant that defendants have ensured that the current CM policy is not applied in a discriminatory or fundamentally unfair manner as far as she knew personally. Accordingly, the Court refuses to find the wide ranging factual concession requested by defendants.

The Court concluded that CM inmates referred from disciplinary segregation must be provided with a one-week review hearing because the Court did not realize that referred CM inmates would receive a full hearing before placement. Defendants have now made this fact clear for the record. Accordingly, the Court will now amend one of its prior conclusions as follows: If defendants state in their policy that all inmates referred from disciplinary segregation to CM shall be provided with a hearing prior to placement, there is no minimal due process requirement that they provide referred CM inmates with a CM review within a week of CM placement.

IT IS SO ORDERED.