Anthony DeGIDIO, James Murray, Antti John Haavisto, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Orville B. PUNG, individually, Robert Erickson, individually, Sister Mary Madonna Ashton, individually, Defendants.

Civ. No. 4–84–352.

United States District Court, D. Minnesota, Fourth Division.

May 8, 1989.

---

Johnson, Sands, Lizee, Fricker & McCloskey, Terence J. McCloskey and Thomas E. Sanner, Minneapolis, Minn., and Arlo H. Vande Vegte, Long Lake, Minn., for plaintiffs.

Richard D. Hodsdon, Sp. Asst. Atty. Gen., St. Paul, Minn., for Perpich, Pung, Erickson, Ashton and State of Minn.

Richard S. Slowes, St. Paul, Minn., for Pung, Erickson and Ashton.

## ORDER

DIANA E. MURPHY, District Judge.

This matter was tried to the court over thirty-one days. Dozens of witnesses were called and thousands of documents were received. After the close of the evidence each side submitted trial briefs and proposed findings of fact and conclusions of law. Thereafter the court carefully considered all the evidence and submissions and issued its Findings of Fact, Conclusions of Law, and Order for Judgment. *DeGidio v. Pung,* 704 F.Supp. 922 (D.Minn. 1989). The parties now bring several post-trial motions. Plaintiffs move pursuant to Fed.R.Civ.P. 15(b) to amend their complaint to add two counts. They seek an order finding defendants in contempt of a prior consent decree entered in *Hines v. Anderson,* 439 F.Supp. 12 (D.Minn.1977). They also seek an award of attorneys' fees and costs.[1] Defendants move for amended and supplemental findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(b). Each side has now responded on the motions.

■ Plaintiffs seek to amend their complaint. Proposed count XI alleges that defendants have breached the settlement and consent decree in *Hines v. Anderson,* 439 F.Supp. at 12, and are in contempt of court. Proposed count XII seeks an order that the court will exercise "continuing jurisdiction" and supervision over medical conditions at Stillwater and appointment of a special monitor. Plaintiffs contend that these proposed additional counts are proper so that the pleadings conform to the evidence.

The additional counts proposed by plaintiffs are not properly the subject of an amendment of the complaint to conform to the evidence. These new issues were not "tried by express or implied consent of the parties...." Fed.R.Civ.P. 15(b). The evidence regarding the *Hines v. Anderson* consent decree was presented and considered in the context of a due process claim, not a contempt action. Permitting the amendments would severely prejudice defendants who presented their defense based upon the complaint and on discovery conducted on that basis. The additional

---

1. A hearing has been scheduled on the attorneys' fees issues which are not considered here.

counts would revise the type of relief sought and would improperly shift the focus from the issues which were tried. *Brown v. Cooper Clinic, P.A.*, 734 F.2d 1298, 1301 (8th Cir.1984). Additionally, proposed count XII which seeks appointment of a special monitor is in effect a motion to amend the judgment and is untimely.[2] See Fed.R.Civ.P. 52(b) and 52(e). Plaintiffs' motions to amend the complaint and for contempt should therefore be denied.

 Defendants move for amended and supplemental findings pursuant to Fed. R.Civ.P. 52(b). They request 78 specific amendments. In issuing its findings and conclusions the court undertook a careful evaluation of the trial testimony and other evidence. The court need not make findings on all disputed facts. Rather, the findings should provide a reviewing court a clear understanding of the basis for the trial court's decision and the grounds on which it was reached. *See, e.g., Cross v. Pasley*, 267 F.2d 824, 826 (8th Cir.1959); *see generally* Wright & Miller, Federal Practice and Procedure: Civil § 2579. The finding and conclusions are very thorough and more than adequate in that regard.

Defendants proposed amendments and supplements attempt a wholesale revision of the findings and conclusions to make them more favorable to defendants. That is not a proper basis for a Rule 52 motion. *See Clark v. Nix*, 578 F.Supp. 1515, 1516 (S.D.Iowa 1984) *modified Clark v. Brewer*, 776 F.2d 226 (8th Cir.1985). A motion to amend findings should not be a means for relitigating issues upon which the moving party did not prevail at trial. *Davis v. Mathews*, 450 F.Supp. 308 (E.D.Cal.1978); *see United States v. Anderson*, 591 F.Supp. 1, 3–4 (E.D.Wash 1982) (Rules 52 and 59 are not vehicles for reargument and rehearing). The court had the benefit of viewing witness demeanor and considered the testimony in light of the entire record. Defendants disagree with many of the findings and conclusions, but they have not shown that they contain "manifest error of law or fact" or are unsupported by the evidence. *Evans, Inc. v. Tiffany & Co.*, 416 F.Supp. 224, 244 (N.D.Ill.1976). Defendants' motion to amend and supplement the findings of fact and conclusions of law should be denied.

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to amend the complaint and for an order finding defendants in contempt of court is denied;

2. Defendants' motion for amended and supplemental findings of fact and conclusions of law is denied.

---

**2.** The court has already considered and rejected plaintiffs' request that a special master or monitor be appointed. *See DeGidio v. Pung,* 704 F.Supp. at 960, n. 28.