**Anthony DeGIDIO, James Murray, Antti John Haavisto, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**Orville B. PUNG, individually Robert Erickson, individually and Sister Mary Madonna Ashton, individually, Defendants.**

No. Civ. 4–84–352.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 16, 1989.

Robert Sheran, Lindquist & Vennum, Terence J. McCloskey, Jensen, Weyland & McCloskey, P.A., Minneapolis, Minn., and Arlo H. VandeVegte, Long Lake, Minn., for plaintiffs.

Richard S. Slowes, Asst. Sol. Gen., and Peter M. Ackerberg, Asst. Atty. Gen., Office of the Minnesota Atty. Gen., St. Paul, Minn., for defendants.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Before the court is plaintiffs' motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Plaintiffs commenced a class action challenging the manner in which defendants responded to a tuberculosis outbreak at Stillwater prison. The complaint alleged violations of the eighth amendment and due process interests arising from a prior consent decree between the state and Stillwater inmates. The relief sought at trial involved prospective injunctive relief only, not damages. A trial

to the court was conducted over 31 days. Dozens of witnesses were called, and hundreds of documents were received. After the evidence was in, the parties submitted trial briefs and proposed findings of fact and conclusions of law. The court thereafter issued its Memorandum Opinion and Order for Judgment. *DeGidio v. Pung,* 704 F.Supp. 922 (D.Minn.1989). The court concluded that although defendants had violated eighth amendment rights of class members, the violations had been substantially remedied by the time of trial, and no injunctive relief was ordered. Post-trial motions of both sides were denied. *Degidio v. Pung,* 125 F.R.D. 503 (D.Minn.1989).[1] Now before the court is plaintiffs' motion for attorneys' fees and costs.

Section 1988 provides, in pertinent part, that:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

The focus of this dispute is whether plaintiffs are entitled to an award as prevailing parties, and if so, in what amount. Plaintiffs did not achieve the full relief they sought. They were successful, however, in calling attention to constitutionally deficient prison conditions and responsible, at least in part, for sparking improvements. *See Degidio v. Pung,* 704 F.Supp. at 959–60. Plaintiffs can be prevailing parties and entitled to attorneys' fee when substantial, but not complete, relief is obtained. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

> "Plaintiffs may be considered prevailing parties for attorneys' fees purposes if they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing the suit. This is a generous formulation that brings the plaintiff only across the

---

1. Entry of the order denying the post-trial motions has been staged pending resolution of the attorneys' fees issue. Order of May 16, 1989.

statutory threshold. It remains for the district court to determine what fee is reasonable."

*Id.* 103 S.Ct. at 1939, (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–279 (1st Cir. 1978).

The Supreme Court this term again addressed when fees may be awarded to plaintiffs who gain only partial relief. *Texas State Teachers Association v. Garland Independent School Dist.,* — U.S. —, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). The court noted that *Hensley* established principles for determining a fee award when plaintiffs have not achieved complete success:

> [I]n complex civil rights litigation, the plaintiff often may succeed in identifying some unlawful practices or conditions, but ... the range of possible success is vast, and the achievement of prevailing party status alone may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved.... [D]istrict courts should exercise their equitable discretion in such cases to arrive at a reasonable fee award, either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff.

*Id.* 109 S.Ct. at 1491–92 (citations omitted). To be a prevailing party, the "plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.* at 1493.

■ The change in legal relationship need not be part of the ultimate relief ordered. An award is proper if plaintiffs' suit was a catalyst for the remedying of constitutional violations. *See, e.g., United Handicapped Federation v. Andre,* 622 F.2d 342, 348 (8th Cir.1980); *Oldham v. Ehrlich,* 617 F.2d 163, 168 n. 9 (8th Cir. 1980). In *United Handicapped Federation v. Andre,* the Eighth Circuit set a two-part test for evaluating when a plaintiff has been a catalyst. First, the lawsuit and efforts of counsel must have been "a necessary and important factor in achieving the improvements." *Id.* at 346. Second, the changes or reforms accomplished must have been legally required and not merely gratuitous or voluntary. *Id.* (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 281 (1st Cir.1978)).

■ Plaintiffs meet both of these conditions. It was apparent at trial that prison conditions which existed through much of 1986 were constitutionally deficient. Improvements in the surveillance and control of tuberculosis at Stillwater came in a large part because of this lawsuit and the attention it engendered. The changes were more than voluntary or gratuitous. Rather, they were compelled by the need to amend practices and change conditions which infringed constitutional rights of inmates. Plaintiffs were therefore catalysts to substantial improvements in prison conditions, and they are entitled to an award of some attorneys' fees under § 1988. The next question is the proper amount.

Plaintiffs seek an award of attorneys' fees, costs, and expenses of approximately $700,000. Their request can be summarized as follows:

|  | Hours | Rate | Total Sought |
|---|---|---|---|
| Terence McCloskey | 1776.6 | 201.50[2] | 357,984.90 |
| costs and expenses |  |  | 27,116.28 |
| Arlo VandeVegte | 1272.5 | 150.00 | 190,875.00 |
| costs and expenses |  |  | 18,684.56 |
| John L. Weyland | 29.5 | 155.00 | 4,572.50 |
| Associate/Paralegal/Law Clerk |  |  | 106,579.05 |
|  |  |  | $705,812.29 |

**2.** This hourly rate reflects McCloskey's request for an enhancement of 30% based on difficulty of the case, delay, and the contingent nature of the case.

Defendants object vigorously to an award of this magnitude. They contend that if attorneys' fees are awarded at all they should be limited to those incurred through 1986. After 1986 the constitutional violations were remedied. They further contend that the fee request is deficient in several aspects. They claim that plaintiffs' counsel have provided insufficient and inflated time records which were not contemporaneously made. They object to the hourly rates sought by all counsel. They contend that many of the expenses for which reimbursement is sought are not proper, such as expert witness fees and travel expenses. They claim that any award should be adjusted downward to reflect the limited success achieved and to avoid reimbursement of unsuccessful claims.

■■■■ The court has carefully considered the arguments and the materials submitted regarding the fee petition. In determining the appropriate amount of a fee award the starting point is the lodestar figure—the reasonable hourly rate multiplied by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. at 433, 103 S.Ct. at 1939; *Shakopee Mdewakanton Sioux v. City of Prior Lake*, 771 F.2d 1153, 1160 (8th Cir.1985), *cert. denied*, 475 U.S. 1011, 106 S.Ct. 1185, 89 L.Ed.2d 301 (1986). Here plaintiffs contend that a reasonable hourly rate for lead counsel is either $150 or $155 per hour.[3] They have submitted affidavits from experienced members of the local bar which state that the hourly rates sought are reasonable for lawyers of counsels' experience and skill. The court finds that $150 per hour is a reasonable hourly rate for Terence McCloskey, Arlo VandeVegte, and John Weyland. It is the rate charged for similar work in the community. *See Avalon Cinema Corp. v. Thompson*, 689 F.2d 137 (8th Cir.1982).

■■■■ Mr. McCloskey seeks an enhancement of his hourly rate by 30% to reflect the contingent nature of this case and the delay in receiving an award. Enhancement should be an exception, however, and not the rule. *Shakopee Mdewakanton Sioux v. City of Prior Lake*, 771 F.2d at 1160. The contingent nature of this case or the prospect of a delayed award are not matters which should warrant enhancement in the circumstances present here.

■■■■ Counsel have submitted detailed time records. Defendants challenge many aspects of the time records. They claim that "billing judgment" has not been exercised. *See Hensley v. Eckerhart*, 461 U.S. at 434, 103 S.Ct. at 1940 (counsel should exclude hours for excessive, redundant, or unnecessary efforts). They also urge that the hours should be reduced to eliminate reimbursement for time expended after 1986 and for unsuccessful claims.

The court has noted that most of the constitutionally deficient prison conditions had been substantially remedied after 1986. *DeGidio v. Pung*, 704 F.Supp. at 959. That determination was not necessarily evident to plaintiffs at the time, however, and it was reasonable for them to proceed with their litigation. There is no need to limit the award only to hours expended before 1987. Plaintiffs did pursue several claims that were unsuccessful, and they ultimately were denied the injunctive relief they sought. The fee award should be reduced to reflect the limited relief they obtained. It should, however, still be enough to reward plaintiffs for their substantial success in causing the improvement in prison conditions.

■■■■ After carefully considering the entire record, the court finds that the award of attorneys' fees should be 35% of the lodestar figure. This reduction from the lodestar reflects the partial success which plaintiffs obtained and takes into account incomplete and otherwise deficient time records. A similar reduction should be made in the award for associate, paralegal, and law clerk time. Use of law clerks and paralegals is a prudent method of keeping fees down, and plaintiffs are enti-

---

**3.** Plaintiffs seek $155 per hour for McCloskey and Weyland and $150 per hour for Vande- Vegte.

tled to an award for time expended by these persons. *Missouri v. Jenkins,* — U.S. ——, ——, 109 S.Ct. 2463, 2468–2470, 105 L.Ed.2d 229 (1989) (§ 1988 permits fee award for law clerks and paralegals at prevailing rate). The time records submitted for law clerks and paralegals were deficient in some areas, however. These short comings have been taken into account in determining the proper reduction from the lodestar amount.

Plaintiffs seek costs and expenses of $45,797.84. Some of the costs are arguably non-compensable such as expert witness fees in excess of $30 per day. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) ($30 per day limit for expert witness cost under Fed.R.Civ.P. 54(d)); *accord Gilbert v. Little Rock,* 867 F.2d 1062 (8th Cir.1989); *but see Sapa Najin v. Gunter,* 857 F.2d 463, 465 (8th Cir.1988). (*Crawford Fitting* does not limit amount of expert witness fee which can be awarded as an expense of litigation under 42 U.S.C. § 1988). Plaintiff has sought some reimbursement for expenses which are personal in nature rather than litigation expenses. Other claimed expenses are also challenged by defendants such as interest on a loan by attorney McCloskey, travel expense for a deposition of plaintiffs' witness Dr. King, and expert witness fees paid to a person who was subpoenaed by defendants as a fact witness. The challenges by defendants to these expenses have been considered in determining the appropriate amount of costs and expenses which should be awarded. The award of costs and expenses should also be reduced to reflect the partial relief obtained by plaintiffs.

The court has carefully reviewed the parties' arguments and materials submitted. Under the circumstances, plaintiffs should be awarded 25% of the amount of costs and expenses which they claim. This discount adequately reimburses them for expenses commensurate with their success, and avoids any award for expenses which are not properly assessed against defendants.

The total amount of attorney's fees and costs awarded to plaintiffs is as follows:

Attorney Time:

| | Hours | Reduced by | Adjusted Hours | Rate | Award |
|---|---|---|---|---|---|
| Terence McCloskey | 1776.6 | 65% | 622 | $150 | $93,300 |
| Arlo VandeVegte | 1272.5 | 65% | 445 | $150 | $66,750 |
| John Weyland | 29.5 | 65% | 10 | $150 | $ 1,500 |

Costs and Expenses:

| | Requested | % Reduced | Adjusted Total |
|---|---|---|---|
| by Terence McCloskey | 27,116.28 | 75% | $ 6,779 |
| by Arlo VandeVegte | 18,684.56 | 75% | $ 4,671 |
| Associate/Paralegal/L. Clerk | 106,579.05 | 65% | $ 37,303 |
| | | | $210,303 |

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1) plaintiffs' motion for costs and attorneys' fees is granted;

2) plaintiffs are awarded from defendants $210,303.00 in attorneys' fees, costs, and disbursements.

LET JUDGMENT BE ENTERED ACCORDINGLY.