Peter R. **PIEKARSKI**, Plaintiff,

v.

**HOME OWNERS SAVINGS BANK, F.S.B., f/k/a Western Minnesota Federal Savings and Loan Association, f/k/a Western Minnesota Savings and Loan Association, f/k/a Fergus Falls Savings and Loan Association; Knutson Mortgage Corporation, a Delaware corporation; Home Owners Federal Savings and Loan Association, a federally chartered savings and loan association; and M. Gene Donley, Defendants.**

No. Civ. 4–90–661.

United States District Court,
D. Minnesota,
Fourth Division.

March 19, 1991.

William P. Luther, Luther, Ballenthin & Carruthers, Minneapolis, Minn., for plaintiff.

Charles A. Mays and Lawrence P. Schaefer, Leonard, Street and Deinard, Minneapolis, Minn., for defendants.

## ORDER

DEVITT, District Judge.

### INTRODUCTION

This wrongful termination from employment action comes before the court for the consideration of defendants' post-trial motions. Defendants move the court (1) for relief from the state district court's previous denial of defendants' post-trial motions pursuant to Fed.R.Civ.P. 60(b); and (2) for amended findings of fact, conclusions of law and judgment pursuant to Fed.R.Civ.P. 52(b) and 59(e). In essence, defendants challenge the state district court's liability determination in all respects. Defendants also ask the court to reexamine and modify the damage award. Plaintiff responds that the wholesale review sought by defendants is improper and that, in any event, the judgment is correct. For the reasons set forth below, the court grants defendants' motions insofar as they seek to relieve defendant Knutson Mortgage Corporation ("Knutson") and Home Owners—Boston of liability. The court denies defendants' motions to the extent they seek any further relief.

### BACKGROUND

In November, 1988, plaintiff filed a complaint in Minnesota state district court[1], alleging that defendants wrongfully terminated his employment with Home Owners Savings Bank of Fergus Falls, Minnesota ("Home Owners—Fergus Falls"). Trial of the liability issues commenced November 28, 1989 before the state district court and an advisory jury. The state district court

1. Seventh Judicial District—Otter Tail County.

issued findings of fact and conclusions of law on February 20, 1990, finding defendants liable upon plaintiff's breach of contract, wrongful discharge, and misrepresentation claims. The state district court also found defendant Donley liable for tortious interference with contract and punitive damages.

The state district court ordered that judgment be entered upon its finding of liability. Defendants then moved the state district court to amend its findings of fact, conclusions of law, and order for judgment and to vacate the entry of judgment on the ground that judgment was erroneously entered. The state district court summarily denied all of defendants' post-liability trial motions stating: "IT IS HEREBY ORDERED THAT all post trial motions are denied at the present time."

The case was removed subsequently to the United States District Court for the District of Minnesota and then remanded to Otter Tail County. Before the state district court could determine damages, defendants removed the action to the United States District Court for the District of Columbia under authority of recently enacted legislation designed to address the financial crisis plaguing this nation's savings and loan institutions. 12 U.S.C. § 1441a(*l*)(1), (3). That court then transferred the case, under 28 U.S.C. § 1404(a), to the District of Minnesota.

The damages phase of this action was tried to this court over three days commencing November 5, 1990. On December 6, 1990, the court issued its findings and order on damages, concluding that plaintiff was entitled to receive $155,000 as compensatory and $25,000 as punitive damages from defendants. On January 30, 1991, the court awarded plaintiff $162,871.57 for attorneys' fees and costs and ordered that final judgment be entered for the entire amount of plaintiff's damage recovery and fee award. 755 F.Supp. 859 (D.Minn.1991). The court has since stayed the execution of this judgment pending resolution of defendants' post-trial motions.

## DISCUSSION

■ Plaintiff argues that the state district court's denial of defendants' previously filed post-trial motions is the law of the case and thwarts any post-trial review of the liability decision by this court. Defendants urge, in essence, that the state court's ruling was untimely and "clearly erroneous."

"The doctrine of law of the case ... 'expresses the practice of courts generally to refuse to reopen what has been decided.'" *Erie Conduit Corp. v. Metropolitan Asphalt Paving Association*, 560 F.Supp. 305, 307 (E.D.N.Y.1983), *aff'd*, 765 F.2d 135 (2d Cir.1985), *quoting, Messenger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912). Our Eighth Circuit Court of Appeals instructs that previously decided issues may be reconsidered "upon a showing of clear error or manifest injustice." *Liddell v. State of Missouri*, 731 F.2d 1294, 1304 (8th Cir.1984), *cert. denied*, 469 U.S. 816, 105 S.Ct. 82, 83 L.Ed.2d 30 (1984); *Paulson v. Greyhound Lines, Inc.*, 628 F.Supp. 888, 891 (D.Minn. 1986), *aff'd*, 804 F.2d 506 (8th Cir.1986).

■ Upon removal, the federal court must treat all state court rulings as if they had occurred in federal court. *In the Matter of Meyerland Co.*, 910 F.2d 1257, 1262–63 (5th Cir.1990), *rehearing granted en banc*, 921 F.2d 55, 56 (5th Cir.1990); *First Republicbank Fort Worth v. Norglass, Inc.*, 751 F.Supp. 1224, 1228 (N.D.Tex. 1990). That this case has been removed to federal court from the state district court does not limit the court's authority to correct clear errors or remedy manifest injustice. *Resolution Trust Corp. v. Security Town Co.*, 745 F.Supp. 1216, 1221–22 (E.D. La.1990) (law of the case doctrine does not preclude a federal court upon removal from correcting state court rulings and granting appropriate relief). Thus, the law of the case doctrine does not preclude review or modification of the state district court's liability decision or denial of defendants' previously filed post-trial motions if the state district court's rulings were clearly erroneous or manifestly unjust.

Similarly, the purpose of a motion for amended findings of fact and conclusions of law under Fed.R.Civ.P. 52(b) is to permit the court to remedy "manifest errors of law or fact." *Clark v. Nix*, 578 F.Supp. 1515, 1516 (S.D.Iowa 1984), *modified, Clark v. Brewer*, 776 F.2d 226 (8th Cir.1985); *Evans, Inc. v. Tiffany*, 416 F.Supp. 224, 244 (D.Ill.1976). Rule 52(b) does not provide an avenue for "relitigating issues upon which the moving party did not prevail at trial." *DeGidio v. Pung*, 125 F.R.D. 503, 505 (D.Minn.1989), *aff'd*, 920 F.2d 525 (8th Cir.1990); *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir.1986) (motion to amend findings does not secure a rehearing on the merits).[2] Defendants bear a heavy burden in seeking to demonstrate clear error or manifest injustice.

With these guiding principles in mind, the court reviews defendants' specific requests for relief. Defendants first contend that the findings of fact and conclusions of law respecting liability must be rejected entirely because the state district court improperly adopted the advisory jury's findings. Under Minnesota law, a court sitting with an advisory jury "must view [the jury's] findings as advisory only and make appropriate findings independent of the jury." *Pedro v. Pedro*, 463 N.W.2d 285, 288 (Minn.Ct.App.1990) (state district court's mere adoption of advisory jury's findings and verdict without independent findings held erroneous), *citing*, Minn.R. Civ.P. 52.01. Here, the state district court adopted the verdict of the advisory jury and issued a twenty-nine page memorandum analyzing the liability evidence in detail.[3] This memorandum does not appear simply to rationalize or affirm the jury's verdict. On the contrary, the state district court indicated that it "agreed" independently with the jury's determination. Memorandum at 19, 23. The state district court also recognized explicitly its obligation to "review all of the evidence and determine whether" plaintiff had proved his case. Memorandum at 5. The state district court's memorandum reflects independent consideration, and does not reveal that the state court clearly erred by improperly adopting the verdict of the advisory jury.

Defendants next challenge the state district court's liability determination on the ground that the evidence was insufficient to support each of plaintiff's claims. As noted above, the federal rules governing post-trial procedure do not provide an avenue for wholesale challenge akin to a rehearing on the merits. However, by challenging the evidence supporting each of plaintiff's claims, defendants effectively seek microscopic reexamination of the entire liability record. The court has previously expressed its unwillingness to scrutinize and challenge the findings of the state district court. The state court witnessed the liability testimony firsthand, evaluating the veracity of often conflicting evidence, and explained the basis for its decision. Further, this court does not occupy an appellate rank vis-a-vis the state district court.

Nonetheless, in deciding plaintiff's motion for attorneys' fees and costs, the court became relatively familiar with that portion of the liability record pertaining to plaintiff's retaliatory discharge claim. Based upon this knowledge, the court has concluded that sufficient evidence supports this claim. *See, Piekarski v. Home Own-*

---

**2.** Defendants appear to contend that the state district court's denial of defendants' previously filed post-trial motions was procedurally improper. *See, e.g., Bygott v. Leaseway Transportation Corp.*, 637 F.Supp. 1433, 1438–39 (E.D.Pa.1986), *rev'd. on other grounds*, 1987 Westlaw 54392 (3d Cir.1987) (under federal rules, judgment entered after the liability phase of a bifurcated trial is not a final judgment subject to amendment); *In the Matter of the Commodore Hotel Fire and Explosion Case*, 318 N.W.2d 244, 246 (Minn.1982) (judgment entered after liability phase of bifurcated trial is not a final judg-

ment and, therefore, not appealable). The court finds this argument of no consequence and declines to address it in substance. The principles and authority guiding this court's review of the state district court's liability decision appear substantially identical regardless of whether the state district court's summary denial of defendants' motions was procedurally proper.

**3.** The state district court's memorandum will be cited as "Memorandum."

*ers Savings Bank,* 755 F.Supp. 859, 861–62, 862 (D.Minn.1991).[4] Plaintiff's victory on his retaliatory discharge claim entitles him to the full amount of the compensatory damage and attorneys' fee awards.

 Defendant Donley argues that he may not be held liable on plaintiff's intentional interference with contract claim. A breach by defendant of his own contract is not actionable under a tortious interference claim, and "[t]he acts of a corporate officer within the scope of his or her duties constitute the acts of the corporation, and the officer is thus shielded from personal liability for tortious interference with contract." *Nordling v. Northern States Power Company,* 465 N.W.2d 81, 86–87 (Minn.1991). However, the Minnesota Supreme Court has suggested that a corporate officer may be held liable for tortious interference where he acts "outside the scope of the best interest of the corporation or with malice for his own personal interest." *Bouten v. Richard Miller Homes, Inc.,* 321 N.W.2d 895, 901 (Minn.1982). Here, the state district court found that Donley terminated plaintiff (1) contrary to defendant Home Owners' best interests and (2) for the purpose advancing his own personal interests. The state court's interpretation of Minnesota law and factual findings are neither clearly erroneous nor manifestly unjust, and the court declines to absolve defendant Donley of personal liability for tortious interference with contract or punitive damages.

4. After examining the state district court's memorandum, this court concluded that the state court found defendants liable for retaliatory discharge under both Minn.Stat. § 181.932 and the common law. Defendants now contend that plaintiff could not have recovered under the common law of wrongful discharge because Minn.Stat. § 181.932 provides an exclusive remedy for such claims. The court finds this argument perplexing as defendants previously argued, in opposition to plaintiff's motion for attorneys' fees, that "Piekarski's retaliation claim arose under the common law."

5. Home Owners—Fergus Falls was the wholly owned subsidiary of Knutson at the time of plaintiff's termination. Knutson was, in turn, the wholly owned subsidiary of Home Owners—Boston.

Having found the evidence sufficient to support plaintiff's retaliatory discharge claim, and having declined to amend the state district court's findings and conclusions respecting tortious interference, the court need not address defendants' remaining challenges to the sufficiency of the evidence. The above conclusions entitle plaintiff to the entire damage and fee awards determined by the court. Assuming, *arguendo,* there is insufficient evidence to support plaintiff's remaining claims, the amount of the judgment remains unchanged.

 Defendants Home Owners—Boston and Knutson argue that they may not be held liable for plaintiff's judgment.[5] In this regard, the state district court found:

> The evidence presented at trial indicates that Piekarski was never employed directly by Knutson, or by Home Owners of Boston, or by Donley in his individual capacity. * * * Neither Knutson nor Home Owners of Boston suggested or gave any orders for personnel changes at Home Owners [Fergus Falls]. There is no evidence that Knutson or Home Owners of Boston were personally involved in the termination of Piekarski or the decision to terminate.

Memorandum at 1–2. Plaintiff has cited no authority, and the court has found none, under which defendants Home Owners—Boston or Knutson may be held liable.[6] The court will amend the judgment to relieve defendants Home Owners—Boston and Knutson of liability.

6. In his brief in opposition to defendants' post-trial motions, plaintiff contends that "Donley has testified that these parent companies have total control over his conduct." The court has examined the deposition testimony relied upon by plaintiff to support this assertion and concludes that plaintiff's argument misrepresents Donley's testimony and is without merit. Plaintiff also argues that defendants Knutson and Home Owners—Boston have participated in this litigation "by consent." All defendants have, on occasion, sought protection from certain legal defenses available to Home Owners—Boston by virtue of its RTC receivership. However, plaintiff has failed to cite authority or otherwise explain how this justifies a finding of liability against these two entities.

Defendants argue that the court must modify plaintiff's damage award for two reasons. First, defendants contend that 12 C.F.R. § 563.39 precludes an award of front pay beyond April 30, 1989, three days after the Resolution Trust Corporation placed Home Owners—Boston in receivership. The court addressed this argument previously in its findings and order on damages, and concluded that defendants had failed to demonstrate that plaintiff's employment would have been terminated under authority of the regulation. *Piekarski v. Home Owners Savings Bank*, 752 F.Supp. 1451, 1456 (D.Minn.1990). The court assumes, *arguendo*, that 12 C.F.R. § 563.39 terminates an institution's obligations under employment contracts as a matter of law. This does not compel the conclusion that plaintiff's employment would have been terminated. At most, the regulation terminates *obligations* under employment contracts; it does not require institutions to discharge employees. The court refuses to amend plaintiff's award of front pay.

Second, defendants argue that the evidence cannot support a damage award for retaliatory wage discrimination beginning in January, 1984. According to defendants, actionable retaliation could have occurred only after plaintiff's testimony in the September, 1984 Donley–Gerhardson lawsuit; thus, the first salary determination which could have been affected improperly was plaintiff's 1985 wage. However, the factual predicate underlying plaintiff's damage award for retaliatory wage discrimination commencing in 1984 is plaintiff's good faith refusal to violate FHA regulations respecting the establishment of an escrow account during the sale of defendant Donley's parents' residence. Plaintiff communicated his unwillingness to violate FHA regulations to defendant Donley in 1983, and the state district court found specifically that defendant Donley's treatment of plaintiff "[d]uring and after the matter with Donley's parents" was tainted with retaliatory disdain. This court views the state district court's findings with profound deference, and refuses to eliminate plaintiffs' award for adverse salary determinations commencing in 1984.

Finally, the court, having considered the factors set forth in *Hilton v. Braunskill*, 481 U.S. 770, 776–77, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987) regarding the issuance of a stay pending appeal, concludes that a stay of the execution of judgment pending appeal is appropriate in this action upon terms identical to those described in the court's order staying the execution of judgment pending resolution of post-trial motions dated February 27, 1991 [clerk's entry 50].

## CONCLUSION

Based upon the files, briefs, and arguments of counsel,

IT IS ORDERED that:

1. Defendants' motion to amend the judgment [clerk's entry 37] to relieve defendants Knutson Mortgage Corporation and Home Owners—Boston of liability is GRANTED;

2. Defendants' post-trial motions, to the extent they seek any further relief, are DENIED;

3. The execution of judgment in this matter is stayed pending the outcome of an appeal, if any, upon terms identical to those described in the court's order staying the execution of judgment pending resolution of post-trial motions dated February 27, 1991 [clerk's entry 50].