428

James H. WHITE, Trustee in Bankruptcy for Las Olas Inn Corporation, Bankrupt, Appellant,

v.

Francis J. MURTHA and Floyd C. Webb et al., as Trustees of the Central States, Southeast and Southwest Areas Pension Fund, Appellees.

Francis J. MURTHA and Floyd C. Webb et al., as Trustees of the Central States, Southeast and Southwest Areas Pension Fund, Appellants,

v.

James H. WHITE, Trustee in Bankruptcy for Las Olas Inn Corporation, Bankrupt, Appellee.

No. 23895.

United States Court of Appeals
Fifth Circuit.

May 15, 1967.

J. Edward Worton, Miami, Fla., for appellant.

Robert C. Ward, Miami, Fla., for appellees, Ward & Ward, Miami, Fla., of counsel.

Before PHILLIPS,* THORNBERRY and DYER, Circuit Judges.

ORIE L. PHILLIPS, Circuit Judge:

This case arises out of a petition seeking an order directing the Trustees of a Teamsters Union Pension Fund [1] to turn over to the Trustee in Bankruptcy [2] certain funds and property which he claimed were assets of the bankrupt and which came into the possession of the P. F. Trustees, and the claim of the P. F. Trustees to setoffs against their liability to turn over such funds. The matter was before this court on a former appeal by the Trustee from a decision of the district court involving such right to setoffs. See White, Trustee v. Murtha, et al., 5 Cir., 343 F.2d 831. The facts, up to the date of the order of the district court reviewed on the former appeal, are fully stated in the opinion of the appellate court and need not be detailed here at length.[3]

Vaughan Connelly was the owner of the Everglades Hotel in Miami, Florida. It was under lease to the Las Olas Inn Corporation, which was controlled by Connelly. The P. F. Trustees held a mortgage on the hotel property. Connelly defaulted in payments on the mortgage debt and the P. F. Trustees instituted a foreclosure suit in the United States District Court for the Southern District of Florida. While the foreclosure suit was pending, a Chapter XI petition was filed by Connelly and the Inn Corporation. The court approved the petition and continued Connelly in possession of the hotel property. The foreclosure action proceeded to a final decree and a foreclosure sale. The P. F. Trustees were the highest bidders at the sale and the property was struck off to them. On confirmation of the sale on December 12, 1960, possession was delivered by the debtor to the P. F. Trustees. A few weeks later, the Inn Corporation was adjudicated a bankrupt in straight bankruptcy and White was elected and confirmed as its Trustee.

The Referee held he had summary jurisdiction and directed the P. F. Trustees to turn over to the Trustee $8,452.55, being the amount of the food and beverage inventory on the date the P. F. Trustees took possession; $3,622.05 cash coming into the hands of the P. F. Trustees; $1,666, the pro rata value of beverage licenses; and $47,744.91 for accounts receivable accrued before, but collected after the transfer of possession. On review, the district court sustained the determination of the Referee that the assets referred to above were part of the bankrupt estate, but decided further that

* Of the Tenth Circuit, sitting by designation.

1. Hereinafter called the P. F. Trustees.

2. Hereinafter called the Trustee.

3. The turnover petition also sought to require the P. F. Trustees to turn over

certain unsold furniture and furnishings or pay the value thereof, the issues with respect to which were adjudicated by the district court and this court on the former appeal, but this appeal involves no issues with respect to the furniture and furnishings.

the P. F. Trustees could setoff against their liability to the Trustee any amounts which they had paid "in discharging obligations incurred by Connelly while he was debtor in possession during the pendency of the Chapter XI proceeding." (See opinion of this court on former appeal, 343 F.2d 832.)

In the opinion in the former case, this court further said:

"The Trustee challenges the allowance by the district court of a set-off against the Pension Fund's liability to the Bankruptcy Trustee for amounts paid by the Pension Fund in satisfaction of operating expenses incurred by Connelly as debtor in possession under the Bankruptcy. Such expenses would normally be entitled to a first-priority status as expenses of administration of the bankrupt estate. Ingels v. Boteler, 9th Cir., 1938, 100 F.2d 915, aff'd, 308 U.S. 57, 60 S.Ct 29, 84 L.Ed. 78, rehearing denied 308 U.S. 521, 60 S.Ct. 29, 84 L.Ed. 442.

"The district court determined that the Referee had failed to allow the Pension Fund to set-off the expenditures against its liability to the Trustee, and in his order reversing the Referee, directed that he should:

" 'A. Give full, direct setoff against the amount of the liquor inventory for any liquor bills paid by the Petitioners, which were incurred by Vaughan B. Connelly debtor in possession; and because such payment was required under beverage Laws of State of Florida.

" 'B. Determine whether other amounts paid by Petitioners would fall into the classification of expenses of administration, as defined in the Bankruptcy Act, and if same are expenses of administration, then allow a direct setoff for said amount against the total amount due the Trustee in Bankruptcy; and

" 'C. Any sums paid which do not fall within the category of expenses of administration would then become a general claim against the estate of the Bankrupt, Las Olas Inn Corporation.'

\*    \*    \*    \*    \*    \*

"'\* \* \* The issue we resolve, however, is whether such set-offs for liabilities necessary for the operation of the business pending administration of the estate, incurred by the debtor in possession and subsequently paid by the Pension Fund, are properly allowed. We hold that they are. See In Re Industrial Sapphire Mfg. Co., 3rd Cir. 1950, 182 F.2d 591. The appropriate amount of such set-offs cannot be and is not determined on the basis of the record before us. A determination should be made upon remand as to which amounts paid by the Pension Fund are properly classified as expenses of administration, and a corresponding set-off should be allowed against its liability to the Bankruptcy Trustee.

\*    \*    \*    \*    \*    \*

"The determination of the district court as to the right of set-off is affirmed. \* \* \*.'"

On remand, the matter again came before the Referee. He found that the P. F. Trustees had paid expenses of administration incurred by the debtor in possession in the total sum of $80,716.13. The Referee further found and determined that the P. F. Trustees were liable to the Trustee for $104,608.87, on account of funds and assets coming into the possession of the Pension Fund, which belonged to the bankrupt estate.

On petition for review, the district court held the Referee erred in not allowing the sum of $80,716.13, plus a rent item of $1,166.66, which the Referee omitted, or a total of $81,882.79, as a direct setoff to the liability of $104,-608.87 of the P. F. Trustees to the Trustee, and in so doing failed to follow the mandate of the Court of Appeals; that the Referee also erred in directing

the Trustee to pay from the $104,608.87 when it was received by him, the costs and expenses of administration incurred in the straight bankruptcy proceedings; and that the Referee erred in failing to classify as an expense of administration in the Chapter XI proceedings $59,926.-40, being that proportion of the total real estate taxes assessed against the mortgaged real estate for the year 1960 which the time the debtor was in possession bears to the 12 months of 1960.

The unpaid taxes on the mortgaged property for the year 1959 were included in the amount awarded in the foreclosure decree, but the mortgaged property was sold at the foreclosure sale, subject to the 1960 real estate taxes, and was bid in by the P. F. Trustees. The taxes were not operating expenses incurred by Connelly as debtor in possession in the Chapter XI proceedings. They were imposed by law and were a lien on the real estate from January 1, 1960.

The district court held the $59,926.40 tax item was part of the Chapter XI costs of administration, but that it fell in a different classification from the expenses of operation incurred by the debtor in possession and should not be allowed as a direct setoff.

The district court ordered and adjudged that the P. F. Trustees were entitled to a direct setoff of $80,716.13, plus the rent item of $1,166.66, or a total of $81,882.79, against the $104,608.87 due from them to the Trustee; that the $59,926.40 tax item was an expense of administration, but that the P. F. Trustees were not entitled to a direct setoff of that amount, and that it should be treated as an expense of administration of equal dignity with the expenses of administration in the straight bankruptcy proceeding and on a parity with fees and expenses to be awarded to the Trustee and his attorney by the Referee.

The Trustee has appealed and the P. F. Trustees have cross-appealed.

This court, on the former appeal, expressly held that the P. F. Trustees were entitled to directly setoff against their liability to the Trustee for assets of the bankrupt which came into their possession, since determined to be $104,608.87, the amount of liabilities necessarily incurred for the operation of the business by the debtor in possession and subsequently paid by the P. F. Trustees, which amount has since been determined to be $81,882.79. The Trustee does not dispute the correctness of the finding of the trial court fixing the amount at $81,882.79. The P. F. Trustees agree that the amount is correct, except that they say there should be added thereto the tax item of $59,926.40.

At the threshold of the Trustee's appeal, we are confronted with the question of whether we should adhere to the former decision of this court as "the law of the case."

■ The "law of the case" rule is based on the salutary and sound public policy that litigation should come to an end. It is predicated on the premise that "there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions or speculate of chances from changes in its members," [4] and that it would be impossible for an appellate court "to perform its duties satisfactorily and efficiently" and expeditiously "if a question, once considered and decided by it were to be litigated anew in the same case upon any and every subsequent appeal" thereof.[5]

■ While the "law of the case" doctrine is not an inexorable command,[6] a decision of a legal issue or issues by an appellate court establishes the "law of the case" and must be followed in all subsequent proceedings in the same case

4. Roberts v. Cooper, 20 How., 61 U.S. 467, 481, 15 L.Ed. 969.

5. General American Life Ins. Co. v. Anderson, 6 Cir., 156 F.2d 615, 618; Great Western Telegraph Co. v. Burnham,

162 U.S. 339, 344, 40 L.Ed. 991; Roberts v. Cooper, 20 How., 61 U.S. 467, 481, 15 L.Ed. 969; 5B C.J.S. Appeal & Error § 1821, p. 190.

6. White v. Higgins, 1 Cir., 116 F.2d 312.

**432**

in the trial court or on a later appeal in the appellate court, unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice.[7]

■ Section 64a of the Bankruptcy Act (11 U.S.C.A. § 104) in part here pertinent reads:

> "* * * where an order is entered in a proceeding under any chapter of this title, directing that bankruptcy be proceeded with, the costs and expenses of administration incurred in the ensuing bankruptcy proceeding shall have priority in advance of payment of the unpaid costs and expenses of administration, including the allowances provided for in such chapter, incurred in the superseded proceeding and in the suspended bankruptcy proceeding, if any; * * *."

The debtor was in possession from August 16, 1960, to December 12, 1960. On the latter date he surrendered the mortgage property to the P. F. Trustees. Apparently the payments made by the P. F. Trustees of obligations necessarily incurred by the debtor in possession in the operation of the property were made to enable the debtor in possession to continue operating the hotel properties, and most, if not all of them were paid by the P. F. Trustees during the period the debtor in possession was operating the hotel proper. This court on the prior appeal held such payments were not made by the P. F. Trustees as volunteers and were not in anywise substantially different from direct payments made by a debtor in possession.

Therefore, we are of the opinion that the decision of this court on the former appeal that the P. F. Trustees were entitled to directly setoff such payments made by them on their liabilities to the

Trustee not only was not clearly erroneous, but was correct, and that such decision will not work a substantial injustice and should be followed.

That part of the order directing the allowance of the $81,882.79 as a direct setoff is affirmed.

Section 271 of the Bankruptcy Act (11 U.S.C.A. § 671) in part here pertinent reads:

> "* * * all taxes which may become owing to * * * any State from * * * a debtor in possession, shall be assessed against, may be collected from and shall be paid by the debtor or the corporation organized or made use of for effectuating a plan under this chapter: * * *."

■ The taxes here involved were those assessed on the mortgaged property for the year 1960. On December 12, 1960, the P. F. Trustees took title and possession of the mortgaged property under the foreclosure sale. They purchased and took the property subject to the 1960 taxes and the lien therefor of the state, which lien dated back to January 1, 1960.[8]

While the lien dated back to January 1, 1960, and the 1960 taxes could have been paid, less a discount of four per cent in November, 1960, three per cent in December, 1960, two per cent in January, 1961, and one per cent in February, 1961, such taxes did not become delinquent until March 1, 1961, and there was no way in November or December, 1960, for the debtor to pay a proportionate share of such taxes.

We think the obligation to pay the taxes fell on the P. F. Trustees when they purchased the mortgage premises, subject to the 1960 tax liability and the lien thereof, and that they paid such taxes to release the property from the lien and not to discharge an obligation incurred by the debtor in possession. Moreover, it was not an obligation in-

---

7. Lincoln National Life Insurance Company v. Roosth, 5 Cir., 306 F.2d 110, 113; Chicago, St. P., M. & O. Ry. Co. v. Kulp, 8 Cir., 102 F.2d 352, 354.

8. Horn v. City of Miami Beach, 142 Fla. 178, 194 So. 620, 623.

curred by the debtor. It was imposed by the state. Accordingly, we hold that the part of the district court order giving the priority to the taxes paid by the P. F. Trustees is reversed and that part of the order denying it as a setoff against the liability of the P. F. Trustees is affirmed.

The question of whether the claim of the P. F. Trustees for taxes for 1960 paid by them is allowable as a general claim is not here presented and is not decided.

Remanded for further proceedings in accordance with the views herein expressed.