816 F.2d 673
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael A. SMITH, Plaintiff-Appellant,
v.
CITY OF CHESAPEAKE, a Municipal corporation; R.A. Lakoski;
Ian Shipley; C.R. Schafer; W.R. Harrison; W.H. Hodges;
R.E. Kowalsky; T.L. Watkins; S.M. Oman; J.T. Maxwell;
Angela C. Nuenz, Defendants-Appellees.
 No. 86-7171.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 16, 1987.
Decided April 7, 1987.
 
 Before PHILLIPS, MURNAGHAN and CHAPMAN, Circuit Judges.
 Michael A. Smith, appellant pro se.
 F. Bradford Stillman, McGuire, Woods & Battle, for appellees City of Chesapeake, Lakoski, Shipley, Schafer, Harrison, Kowalsky, Watkins, Oman, Maxwell and Nuenz.
 Mary Yancey Spencer, Office of the Attorney General, for appellee Hodges.
 PER CURIAM:
 
 
 1
 This case comes before the Court upon plaintiff Michael Smith's appeal from the district court's order, entered in compliance with our mandate in Smith v. City of Chesapeake, No. 85-6403 (4th Cir., May 9, 1986) (unpublished), dismissing Smith's 42 U.S.C. Sec. 1983 complaint without prejudice for failure to exhaust state remedies. See Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982). Smith contends on appeal that he has exhausted state remedies and that he is entitled to a trial on his claims in federal court. We affirm the judgment of the district court.
 
 
 2
 The district court was bound to enter judgment in accordance with our mandate in the prior appeal. Moreover, under the doctrine of law of the case, we must adhere to our decision in the prior appeal absent cogent or compelling reasons. See Doe v. New York City Department of Social Services, 709 F.2d 782, 789 (2d Cir.), cert. denied, 464 U.S. 864 (1983). We may vary from our prior decision only if "the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." White v. Murtha, 377 F.2d 428, 431-32 (5th Cir.1967).
 
 
 3
 We do not find that the circumstances in this case warrant vacating the judgment entered in compliance with our prior mandate or remanding the case for trial of Smith's claims. As an initial matter we note that the state habeas petition and the order of the Virginia Supreme Court denying that petition, which Smith has attached to his informal brief in this appeal, should have been introduced, at a much earlier point, in proceedings before the district court. See Smith v. City of Chesapeake, No. 84-6573 (4th Cir., Jan. 9, 1985) (unpublished) (remanding case for consideration of, among other issues, applicability of Hamlin v. Warren, supra ). Recognizing, despite Smith's failure to introduce this evidence in the district court, that Smith has exhausted his state remedies, we also take notice of the fact that Smith has recently been denied federal habeas relief on essentially the same claims which form the basis of his civil rights complaint. See Smith v. Sielaff, C/A No. 85-421-N (E.D.Va., Apr. 15, 1986), appeal dismissed, No. 86-7131 (4th Cir., Oct. 29, 1986). The district court's denial of habeas relief in Smith v. Sielaff relied upon findings that the search warrant affidavit was not false and that Smith's evidence fell short of establishing that the prosecutrix had perjured herself. These findings would be entitled to collateral estoppel effect in this civil rights action. See Silverton v. Department of Treasury, 644 F.2d 1341 (9th Cir.), cert. denied, 454 U.S. 895 (1981); Rosenberg v. Martin, 478 F.2d 520 (2d Cir.), cert. denied, 414 U.S. 872 (1973); Edwards v. Vasel, 469 F.2d 338 (8th Cir.1972).
 
 
 4
 Considering the preclusive effect of these findings in combination with the prosecutors' absolute immunity from liability, the prosecutrix's immunity from liability on the basis of her testimony, and the insufficiency of Smith's allegations to state a claim against the City of Chesapeake or its supervisory officials, we conclude that the interests of justice do not require vacating the judgment of the district court to allow further consideration of Smith's claims. We accordingly affirm the district court's action in conformance with our earlier mandate. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 5
 AFFIRMED.