944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lee W. HARRISON, et al., Plaintiffs,
v.
BOARD OF TRUSTEES OF THE CONSTRUCTION LABORERS PENSION TRUST
FOR SOUTHERN CALIFORNIA, California District
Council of Laborers, Thomas Doubting
Wankonit, Agriculture Worker,
Defendants-Appellees,
Flavio Rivas, Real-party-in-interest-Appellant.
 No. 90-55567.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1991.
Decided Sept. 12, 1991.
 
 Before TANG, REINHARDT and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Flavio Rivas, the real party in interest, is an elderly, disabled man seeking to collect pension benefits under the terms of a consent judgment entered in connection with the underlying litigation. The consent decree provides that in order to receive a pension, an applicant must have "[c]eased working as a construction laborer no later than December 31, 1975." Mr. Rivas's permanent disability forced him to retire from construction labor in 1970, two and one-half years short of accumulating enough pension credits to entitle him to receive a pension. With the best of intentions, his local union then established a program through which disabled workers could perform non-strenuous, non-construction work and receive pension credits. Pursuant to that program, Mr. Rivas was employed by the union and worked briefly, after December 31, 1975, as a janitor in the union office. He was unable to work long enough to fulfill the pension credit requirement.
 
 
 3
 The defendants now argue that because he worked for the union as a janitor, Mr. Rivas cannot satisfy the consent decree's eligibility criteria. To be eligible under the consent decree, an individual must not have worked "as a construction laborer" after December 31, 1975. The plaintiffs respond that work as a janitor for the union, in the union office, does not constitute "work as a construction laborer." All parties agree that the facts of this case are compelling and that the result if we rule against Mr. Rivas would be extremely harsh. Fortunately, we need not make the difficult decision to deny Mr. Rivas benefits because, under the language of the consent decree, he is not ineligible.
 
 THE UNDERLYING LITIGATION
 
 4
 The Construction Laborers Pension Trust for Southern California ("Pension Trust") is a multi-employer pension trust fund. Its Board of Trustees promulgates a pension plan and implements pension eligibility rules.
 
 
 5
 In 1984, following protracted litigation and a bifurcation of the issues of liability and damages, the district court rejected as arbitrary and capricious the eligibility rule that employees must work in covered employment for a minimum of fifteen years before they could claim any kind of pension or secure a vested right to a deferred pension benefit. Ponce v. Construction Laborers Pension Trust for So. Cal., 582 F.Supp. 1310, 1318 (C.D.Cal.1984). We affirmed in an interlocutory appeal and remanded for a determination of damages. 774 F.2d 1401 (9th Cir.1985) (Ponce I ), cert. denied, 479 U.S. 890 (1986).
 
 
 6
 Rather than determining damages through a second trial, the parties entered into a detailed settlement agreement. The district court approved the settlement pursuant to Fed.R.Civ.P. 23(e), and signed the consent decree that is at issue in the present appeal.
 
 THE CONSENT DECREE
 
 7
 The consent decree provides retroactive and prospective pension benefits to members of the plaintiff class who meet all of the criteria spelled out in paragraph 1, as follows:
 
 
 8
 A. Prior to January 1, 1976, had accumulated at least 10 but less than 15 years of related or credited service as determined by rules of the [Construction Laborers Pension Trust] plan in effect when work was performed.
 
 
 9
 B. Incurred a two-year break-in-service on or after October 1, 1970 with a consequent loss of pension credits.
 
 
 10
 C. Ceased working as a construction laborer no later than December 31, 1975.
 
 
 11
 D. Attained age 55, or became totally disabled, before January 1, 1984.
 
 
 12
 E. Either the laborer or his spouse survived to at least February 6, 1981.
 
 
 13
 The provision that is at issue in this appeal is subparagraph 1(C), which conditions eligibility for pension benefits on whether an applicant "ceased working as a construction laborer no later than December 31, 1975." It is agreed that Mr. Rivas meets all the other criteria.
 
 
 14
 The dispute before us today represents the third time that the parties have sought a judicial interpretation of the eligibility requirements of the consent decree. See Ponce v. Construction Laborers Pension Trust for So. Cal., No. 89-55384 (9th Cir. May 24, 1990) (unpublished disposition) (Ponce II ); Ponce v. Construction Laborers Pension Trust for So. Cal., Order Re Dispute Over Interpretation of the Judgment By Consent, No. CV 76-2856-RMT (C.D.Cal. Dec. 7, 1987).
 
 
 15
 At issue today is the meaning of the term "construction laborer" as it is used in subparagraph 1(C). If we agree with the defendants and the district court that the term must be interpreted broadly to include work for the union as a janitor in its office, Mr. Rivas does not qualify for pension benefits.[1] If, however, we interpret the term narrowly to apply only to construction work in the ordinary sense of the term, he satisfies all of the consent decree's eligibility requirements, and the defendants' decision not to grant him benefits was in error.
 
 MR. RIVAS'S CLAIM
 
 16
 The parties agree that the interpretation of a consent decree "is governed by familiar principles of contract law." Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir.1989). However, they strenuously disagree over the standard of review that applies. In Ponce II we held that our review of the identical consent decree was de novo, whether or not we considered extrinsic evidence. We explained, "the type of extrinsic evidence available to the district court consisted of jointly presented documents, rather than evidence for which credibility is at issue. An appellate court is in as good a position as a trial court to assess documentary evidence and to decide what weight, if any, it should give to such evidence when interpreting the provision in dispute. For that reason, de novo review is appropriate."
 
 
 17
 Normally we give no precedential weight to unpublished dispositions, such as Ponce II. See Ninth Circuit Rule 36-3. Unpublished decisions do count as precedent, however, where they are relevant under the doctrine of the law of the case. Id. That doctrine "ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case." Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 833 (9th Cir.1982). We have stated:
 
 
 18
 While the "law of the case" doctrine is not an inexorable command, a decision of a legal issue or issues by an appellate court establishes the "law of the case" and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice.
 
 
 19
 Id. at 834 (quoting White v. Murtha, 377 F.2d 428, 431-32 (5th Cir.1967)). Here, none of the exceptions to the law of the case doctrine applies. Thus, the standard of review that governs our interpretation of the consent decree is controlled by the standard that we applied in Ponce II, and is de novo.
 
 
 20
 We begin our interpretation of subparagraph 1(C) by examining the consent decree itself. The disputed term, "construction laborer," appears only once--in subparagraph 1(C). Throughout the rest of the document, applicants for pension benefits are referred to as "laborers," "workers," "wage earners," or "retirees." We note that the term "construction laborer" has an ordinary meaning, referring only to people who perform construction work. That ordinary meaning does not encompass work as a janitor performed in a union hall. Normally we assume that contracting parties intend to adopt the usual meaning of words, unless we are shown clear evidence to the contrary. Here, the decree contains no definition of the term "construction laborer." The language of the decree itself, therefore, suggests that the ordinary meaning of the term applies. Nonetheless, we cannot end our inquiry there. Our interpretation of the consent decree is governed by California law, see Jeff D., 899 F.2d at 759, and California law permits evidence of the parties' intent "even where the contract standing alone is unambiguous." S.A. Empresa, Etc. v. Boeing Co., 641 F.2d 746, 751 n. 3 (9th Cir.1981). Accordingly, we must look to extrinsic evidence in order to determine whether the parties have varied the plain meaning of the term.
 
 
 21
 Because the consent decree is directly related to the existence of the trust, we next consider the provisions of the trust instrument. Article III, section 3.03 defines the term "employee" for purposes of determining who is covered by its provisions. The trust instrument breaks the definition of "employee" into several discrete categories, as follows:
 
 
 22
 (a) Any Employee of an Individual Employer who performs one or more hours of work covered by any of the Collective Bargaining Agreements;
 
 
 23
 (b) Employees of local unions and District Council if such Union or District Council elects to include all of its Employees as beneficiaries of this Trust ...;
 
 
 24
 (c) Office, sales, administrative, executive, supervisory or other non-jobsite Employees of any of the Associations referred to in Section 1.01 above or of any Individual Employer who is a member of any of said Associations, provided that such Employees do not perform work covered by any of the Collective Bargaining Agreements, if such Association or Individual Employer elects to include all of its Employees of such classification as beneficiaries of this Trust ...;
 
 
 25
 (d) Employees of the Laborers International Union of North America if such Union elects to include all of its Employees working within the jurisdiction of the Local Unions having Collective Bargaining Agreements requiring Contributions to this Trust Fund or carrying membership cards in such Local Unions;
 
 
 26
 (e) Employees of any Building Trades Council located in the jurisdiction of the Local Unions having Collective Bargaining Agreements requiring Contributions to this Trust Fund if such Building Trades Council elects to include as beneficiaries of this trust all of its Employees whose Employment immediately prior to Employment by a Building Trades Council was with a Local Union or District Council which contributes to this Fund on behalf of its Employees;
 
 
 27
 (f) Employees of the Construction Laborers Pension Trust for Southern California and of any other Trust to which the Southern California District Council of Laborers is a party, if such Trust elects to include as beneficiaries of this trust, all of its Employees (original emphasis retained in part and omitted in part) (footnotes omitted).
 
 
 28
 Agreement and Declaration of Trust Establishing the Construction Laborers Pension Trust for Southern California, Article I, section 3.03. The trust instrument does not use the term "construction laborer" and nothing in that instrument provides support for varying the ordinary meaning of that term.
 
 
 29
 The defendants point to the Joint Memorandum in Support of the Proposed Consent Judgment for a contrary indication of the parties' intent. The Joint Memorandum explains the purpose of subparagraph 1(C) of the consent decree as excluding "anyone ... who worked after 1975," because those people had an opportunity to establish eligibility for pension benefits pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. See Ponce v. Construction Laborers Pension Trust for So. Cal., No. 76-2856-RMT, Joint Memorandum in Support of the Proposed Consent Judgment, at 8 & n. 2 (May 27, 1987). Thus, the defendants argue, the focus of subparagraph 1(C) was on establishing a clear cut-off date, and not on distinguishing between types of covered employees. Even if the defendants are correct, we do not find the Joint Memorandum to be a clear enough statement of intent to overcome the plain meaning of the consent decree. The purpose of the trust instrument was to cover the many thousands of construction laborers in the Southern California area. The other persons who are covered are incidental; they are beneficiaries simply because the law permitted the parties to provide coverage for them as well. There is no evidence that in drafting subparagraph 1(C) of the consent decree, and in selecting the term "construction laborer," the parties considered the existence of the incidental beneficiaries or the effect that their employment in non-construction work might have on their eligibility. In the absence of evidence that they considered the incidental types of covered employment as well as construction labor, and that they intended to cover incidental employees in the term "construction laborer," we cannot say that they intended to give that term a meaning so different from its meaning in ordinary usage.
 
 
 30
 In conclusion, we hold that the plain language of the consent decree and the absence of any clear evidence of a contrary intent demonstrate that Mr. Rivas is entitled to pension benefits pursuant to the consent judgment. The term "construction laborer" as used in subparagraph 1(C) of the consent decree does not include every single employee covered by the pension plan. Specifically, a janitor in the union office is not a construction laborer. Accordingly, we hold that Mr. Rivas, who retired from construction labor in 1970 and whose only work after 1975 was a brief stint as a janitor in the office of his local union, did not engage in employment as a construction laborer after December 31, 1975.
 
 
 31
 We reverse the judgment below and remand with directions that the district court order the payment of pension benefits to Mr. Rivas pursuant to the terms of the Ponce consent decree.
 
 
 32
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties agree that Mr. Rivas's only possibility for receiving pension benefits is through the Ponce consent judgment