983 F.2d 1070
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry WILLIAMS, Defendant-Appellant.
 No. 92-5331.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1992.
 
 Before BOYCE F. MARTIN, JR. and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Jerry Williams appeals the forty-one month sentence imposed by the district court on resentencing after remand. The court refused to reconsider its initial decision to deny defendant a two-level reduction for acceptance of responsibility pursuant to United States Sentencing Guidelines § 3E1.1. On appeal, the sole issue is whether the district court erred in refusing to reduce defendant's sentence for acceptance of responsibility. For the reasons that follow, we affirm.
 
 I.
 
 2
 The factual background of this case is set forth in detail in our earlier opinion, United States v. Williams, 952 F.2d 1504 (6th Cir.1991), wherein we affirmed defendant's convictions for extortion and conspiracy to commit extortion. We also affirmed all challenged sentencing decisions of the district court except its decision to apply a two-level upward adjustment under United States Sentencing Guidelines ("U.S.S.G.") § 3C1.1 for obstructing justice by lying to government agents during the investigation of the case. Believing that the defendant lied but that his lies had not significantly obstructed the investigation, we remanded this case for resentencing without the upward adjustment for obstructing justice. One of the other challenges to the sentence concerned the district court's refusal to reduce defendant's offense level by two levels under U.S.S.G. § 3E1.1. In the prior appeal, we fully considered that issue and affirmed the district court's refusal to reduce defendant's offense level for acceptance of responsibility under § 3E1.1.
 
 
 3
 On remand, the district court carefully followed the instructions of this court and resentenced defendant without penalizing him for obstruction of justice under U.S.S.G. § 3C1.1. At the resentencing, however, defendant attempted to reopen the question of whether he should receive an adjustment for acceptance of responsibility under § 3E1.1. The district court declined to reopen the matter, and this timely appeal followed.
 
 II.
 
 4
 In declining to reopen the case on the issue of defendant's acceptance of responsibility, the district court applied the law of the case doctrine, holding that the doctrine foreclosed reconsideration of the issue on resentencing. This application of a jurisprudential doctrine raises a question of law which this court reviews de novo. Loudermill v. Cleveland Bd. of Educ., 844 F.2d 304, 308 (6th Cir.), cert. denied, 488 U.S. 941 (1988).
 
 
 5
 At defendant's initial sentencing, the district court refused to credit defendant with acceptance of responsibility, stating its reasons as follows:
 
 
 6
 Secondly, the defendant objects to the denial of credit for acceptance of responsibility. The court finds that this objection is without merit, and overrules the objection. The acceptance of responsibility is tied to voluntary, truthful admission of one's involvement in the charged offense and related conduct. And no such truthful admission on Mr. Williams' part has been forthcoming. He attempted to make a partial act of contrition in a sense, as I characterized it, by admitting to some conduct of a fraudulent nature, but that misses the mark. He's charged with extortion and conspiracy to extort, and he would have the Court to give him credit for acceptance of responsibility because in his characterization of this matter he sees it no more, this is his characterization, not the Court's, as one con man attempting to out con another con man. And the Court rejects that characterization, and does not believe that any such undertaking comes within the requirements for receiving credit for acceptance of responsibility.
 
 
 7
 So I overrule the defendant's objections to those portions of the pre-sentence report.
 
 
 8
 J.A. pp. 468-69. (Emphasis added).
 
 
 9
 In his first appeal, defendant argued that the district court erred in refusing to reduce his sentence under § 3E1.1. We considered and resolved the issue, concluding that
 
 
 10
 [d]efendant put the government to its burden of proof at trial and denied the essential facts of his guilt. The district court's findings that defendant has not yet fully admitted guilt or expressed remorse are supported by the record in this case, and accordingly there is no error in the court's refusal to award defendant a two-level reduction pursuant to § 3E1.1.
 
 
 11
 Williams, 952 F.2d at 1517.
 
 
 12
 At resentencing after remand, the district court declined to reconsider the question of defendant's acceptance of responsibility and found as follows:
 
 
 13
 The court further finds that it is foreclosed from considering the question of acceptance of responsibility under the doctrine of the law of the case. This court's determination that Mr. Williams was not entitled to acceptance of responsibility was challenged on appeal and the Court of Appeals specifically addressed it, they explicitly did so, and upheld the factual determinations of this court. And, thus, I find that having been raised on appeal and explicitly addressed by the Court of Appeals, that forecloses the so-called second bite at the apple and the issue is foreclosed on resentencing. And I cite the case of the United States of America v. Nicholas Uccio, 940 F.2d 753, opinion of the Second Circuit, 1991, in support of my ruling in this respect. In the alternative, if the issue was open, I adopt my previous findings as reflected in the sentencing proceedings on December 6, 1990.
 
 
 14
 J.A. pp. 498-99. (Emphasis added). Two things are apparent from the district court's ruling: (1) it believed that the law of the case doctrine should be applied to foreclose reconsideration of the issue, and (2) if it reconsidered the issue, it would arrive at the result it originally reached.
 
 
 15
 In United States v. Uccio, 940 F.2d 753, 757 (2d Cir.1991), the Second Circuit described the law of the case doctrine as follows:
 
 
 16
 The law-of-the-case doctrine has several branches; one deals with decisions of a lower court that have been ruled on on appeal, and another deals with decisions that have not been ruled on on appeal. Under the first branch of the doctrine, the trial court is barred from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals.
 
 
 17
 In Uccio, the district court was not barred from reconsidering a particular sentencing ruling on remand because its original ruling on that issue had not been appealed and decided by the appellate court. In the present case, however, the issue of defendant's entitlement to a two-level reduction for acceptance of responsibility was appealed to this court and was decided by this court in a published opinion.
 
 
 18
 The law of the case doctrine is a jurisprudential device designed to avoid needless reconsideration of matters already determined. It is not, however, a cast iron rule.
 
 
 19
 Although courts are often eager to avoid reconsideration of questions once decided in the same proceeding, it is clear that all federal courts retain power to reconsider if they wish. Law of the case principles in this aspect are a matter of practice that rests on good sense and the desire to protect both court and parties against the burdens of repeated reargument by indefatigable diehards. In the classic statement, Justice Holmes noted that law of the case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power."
 
 
 20
 18 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 4478, at 789-90 (1981). As matters approach finality and issues are determined formally in the full light of the facts and law governing them, the rationale for employing the doctrine grows stronger, the more so where an issue had been raised and decided on appeal.
 
 
 21
 [I]t would be impossible for an appellate court "to perform its duties satisfactorily and efficiently" and expeditiously "if a question, once considered and decided by it were to be litigated anew in the same case upon any and every subsequent appeal" thereof.
 
 
 22
 White v. Murtha, 377 F.2d 428, 431 (5th Cir.1967) (quoting General American Life Ins. Co. v. Anderson, 156 F.2d 615, 618 (6th Cir.1946)).
 
 
 23
 Thus,
 
 
 24
 [o]nce a court of appeals has identified a single error in a jury instruction and approved the remainder, for example, it would be far better to avoid reconsideration of the remainder after a second trial under instructions that conform to the first opinion.
 
 
 25
 18 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 4478, at 792 (1981).
 
 
 26
 It should also be noted that the recent amendment to Federal Rule of Criminal Procedure 35, which added subsection (c) to the rule, provides that "[t]he court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." The notes of the Advisory Committee regarding this amendment are instructive because they state that the intent of the amendment was to narrow the authority of the district court to revise sentences.
 
 
 27
 The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, error which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a). The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.
 
 
 28
 (Emphasis added). Although the issue in this case was not raised by a Rule 35 motion, the committee's comments lend support to the general proposition that sentencing matters, once decided, should not be reopened absent "clear error" or some obvious miscalculation.
 
 
 29
 Circumstances militating against the application of the law of the case doctrine are those in which (1) new evidence is properly introduced, (2) an intervening change of law has occurred, or (3) the first decision was clearly erroneous and its enforcement would work a substantial injustice. Miles v. Kohli & Kaliher Assoc., Ltd., 917 F.2d 235, 241 n. 7 (6th Cir.1990). None of those circumstances are present here.
 
 
 30
 Defendant's only argument against applying the law of the case doctrine is that "this Court expressly and implicitly directed the District Court that such [re]consideration should not be precluded. This Court directed the District Court when this Court included the word 'yet' in its original opinion." Brief of Appellant at 16. When this court noted that "[t]he district court's findings that defendant has not yet fully admitted guilt or expressed remorse are supported by the record ...," Williams, 952 F.2d at 1517, we merely described the district court's findings and our agreement with them. It meant no more than that the defendant had failed to express remorse at the time of his sentencing, or, as the district court had phrased it, that "no such truthful admission ... [had] been forthcoming." It is the duty of the appellate courts to assist the district courts by giving clear and direct instructions to the district courts for their use on remand. The kind of "implicit" direction that defendant struggles to read into this court's language simply does not exist.
 
 
 31
 The issue in this case has been decided by the district court whose action on this very issue was affirmed by this court on direct appeal. Under these circumstances, the district court was correct in applying the law of the case doctrine, and its decision not to reconsider a matter thus already decided is not erroneous.
 
 III.
 
 32
 For the reasons stated, the sentence imposed by the district court is AFFIRMED.