**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 98-20420**

---

**THE COCA-COLA COMPANY,**

**Plaintiff - Counter Defendant - Appellee,**

**VERSUS**

**BOSTON'S BAR SUPPLY, ET AL.**

**Defendants,**

**NEVER SAY DIE, doing business as Bar Supplies Unlimited,**

**Defendant - Appellant,**

**BOSTON'S BAR SUPPLY; DONALD MANSFIELD,**

**Defendants - Counter Claimants - Appellants.**

---

Appeals from the United States District Court
for the Southern District of Texas
(H-94-CV-3266)

---

JULY 22, 1999

Before EMILIO M. GARZA, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

The appellants-defendants, Boston's Bar Supply, Never Say Die, Inc., and Donald Mansfield, appeal the district court's judgment in favor of plaintiff-appellee, The Coca-Cola Company ("Coca Cola"), on Coca-Cola's claims for trademark infringement and injunctive relief. Having reviewed the briefs, heard the parties' arguments,

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and considered relevant portions of the record, we affirm the district court.

I.

Donald Mansfield began operating a bar and equipment supply company, Boston's Bar Supply ("Boston's"), in Houston, Texas in 1987. Boston's was a full service supplier that provided all supplies and equipment necessary for running a tavern or bar, including mixes, juices, and sodas. In the course of its operations, Boston's opened an account with Houston's Coca-Cola Bottling Company to distribute all Coca-Cola products except Coca-Cola fountain syrup. To satisfy those customers who needed Coca-Cola fountain syrup, Boston's purchased the syrup from two distributors, Sysco Food Services of Houston, Inc. ("Sysco") and White Swan, Inc.

In 1988, Boston's applied to Coca-Cola to become an authorized distributor of Coca-Cola products, including Coca-Cola fountain syrup. After inspecting Boston's premises Coca-Cola denied the application. Boston's, however, continued to supply its customers with Coca-Cola fountain syrup it bought from Sysco and White Swan. In 1991, Boston's again applied for authorization to distribute Coca-Cola fountain syrup. Coca-Cola again denied the request.

In 1993, Coca-Cola demanded that Boston's cease the unauthorized distribution of its fountain syrup. In 1994, Coca-Cola repeated that demand and filed suit against Boston's in district court alleging, among other things, federal trademark violations. Coca-Cola then filed a motion for preliminary

2

injunction. The district court, while denying the request for preliminary injunctive relief, concluded that Coca-Cola would be entitled to permanent injunctive relief unless Boston's could successfully prove its defense that Coca-Cola had acquiesced to Boston's use of the Coca-Cola fountain syrup. After granting summary judgment against various counterclaims asserted by Boston's, the district court commenced a non-jury trial on Boston's affirmative defense of acquiescence. After Boston's presented its evidence and rested its case, the district court granted Coca-Cola's motion for judgment as a matter of law. The district court then entered a permanent injunction against Boston's use of Coca-Cola fountain syrup. Boston's then appealed.

In an unpublished per curiam opinion, this Court reversed the district court's ruling. *The Coca-Cola Company v. Boston's Bar Supply*, No. 96-21162 (August 12, 1997). Although affirming the district court on other issues, we found that the district court had applied the wrong standard for deciding the defense of acquiescence. Specifically, the district court applied an active standard developed by the Eleventh Circuit, *see* *Coach House Restaurant v. Coach & Six Restaurants*, 934 F.2d 1551 (11th Cir. 1991) (defining acquiescence as an active representation), instead of the more passive standard utilized by the Fifth Circuit. That standard defines acquiescence as any implicit or explicit assurances which induce reliance, *Conan Properties, Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 153 (5th Cir. 1985). Accordingly, we vacated the district court's judgment and remanded the action to

3

allow the court to reconsider the facts under the appropriate standard.

In June 1996, while that appeal was pending, Coca-Cola filed a motion with the district court to add Never Say Die, Inc., as a party defendant pursuant to Rule 25(c) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 25(c). Coca-Cola filed the motion because Boston's had transferred all of its assets to Never Say Die,[2] and Coca-Cola suspected that the transaction was a fraudulent attempt to dodge creditors. On April 21, 1997, before the district court could rule on the motion, Never Say Die filed for bankruptcy. On April 30, 1997, unaware of the bankruptcy filing, the district court added Never Say Die as a defendant. On November 12, 1997, the bankruptcy court dismissed Never Say Die's bankruptcy petition with prejudice.

On remand, the district court held a hearing and ordered the parties to file "motions for judgment" accompanied by supplemental briefing. On April 7, 1998, the district court granted judgment in favor of Coca-Cola, finding that the facts of the case did not support the defendants' acquiescence defense under **Conan**. The district court then entered final judgment, and reinstituted its permanent injunction in favor of Coca-Cola. Boston's Bar Supply, Never Say Die, Inc., and Donald Mansfield filed the instant appeal ("appellants").

---

[2] Never Say Die, which was formed on the eve of the transfer, was owned by Janice Mansfield, the wife of Donald Mansfield.

## II.

We review the district court's decision to grant judgment as a matter of law *de novo*, applying the same legal standards as the district court. ***Omnitech Int'l Inc. v. Clorox Co.***, 11 F.3d 1316, 1322-23 (5th Cir. 1994). Judgment as a matter of law is proper after a party has been fully heard on a given issue and "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). In evaluating the motion for judgment as a matter of law, the court must consider all of the evidence in the light most favorable to the nonmovant, drawing all factual inferences in favor of the non-moving party. ***Nero v. Industrial Molding Corp.***, 167 F.3d 921, 925 (5th Cir. 1999).

## III.

The appellants' contentions can be grouped into three separate categories. First, the appellants assert that the district court erred by applying federal trademark law to this action. This claim, however, was expressly raised in the prior appeal and squarely rejected by this Court. ***Boston's Bar Supply***, No. 96-21162 at 2-3. Accordingly, under the law of the case doctrine we need not reconsider the argument as there is no indication that (1) evidence at a subsequent trial was substantially different, (2) controlling authority has since made a contrary decision of law applicable, and (3) the decision was clearly erroneous and a manifest injustice. ***White v. Murtha***, 377 F.2d 428, 431-32 (5th Cir. 1967).

5

Second, the appellants maintain that the district court erred in finding that Coca-Cola did not acquiesce to Boston's use of its fountain syrup. In order to establish the defense of acquiescence, a defendant must prove that: (1) the plaintiff knew or should have known of the defendant's use of the trademark; (2) the plaintiff made implicit or explicit assurances to the defendant; and (3) the defendant relied on the assurances. *Conan*, 752 F.2d at 152 n.3. We have reviewed the relevant portions of the record and find no reversible error in the district court's determination.

Finally, the appellants insist that the district court erred by adding Never Say Die as a party defendant when it had filed for bankruptcy and triggered the automatic stay. However, the appellants have not cited even a single case for the proposition that a bankruptcy stay voids a subsequent joinder. In the absence of such authority, we decline to accept that argument.

IV.

For the foregoing reasons we affirm the district courts judgment.