**Karluk M. MAYWEATHERS; Dietrich J. Pennington; Jesus Jihad; Terrance Mathews; Aswad Jackson; Ansar Kees, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**Calvin TERHUNE; A.C. Newland; Barry Smith; Bonnie Garibay; N. Fry; M.E. Valdez; N. Bennett; and F.X. Chavez, Defendants.**

No. CIV. S–96–1582 LKK/GGH P.

United States District Court,
E.D. California.

April 5, 2001.

Susan Christian, Davis, CA, for Plaintiffs.

Tami Warwick, Deputy Attorney General, California Department of Justice, Sacramento, CA, for Defendants.

*ORDER*

KARLTON, Senior District Judge.

Plaintiffs are a class of Muslim state prisoners housed at California State Prison, Solano seeking relief under 42 U.S.C. § 1983 for alleged violations of their First Amendment right to the free exercise of their religion, as well as their Fourteenth Amendment right to equal protection of the law. This matter comes before the court on their motion for a preliminary injunction. I decide these motions based on the papers and pleadings filed herein and after oral argument.[1]

## I.

### PROCEDURAL HISTORY

On July 31, 2000, the court granted plaintiffs' motion for a preliminary injunction barring defendants from enforcing their policy governing Jumu'ah attendance.[2] Specifically, this court held that plaintiffs are allowed "to attend Jumu'ah services during the pendency of this action without receiving disciplinary action or forfeiting good-time credits." Order dated July 31, 2000 at 5:15–17. The preliminary injunction expired by operation of law on November 31, 2000. *See* 18 U.S.C. § 3626(a)(2) ("Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90–day period.") On December 19, 2000, the court granted plaintiffs' second motion for a preliminary injunction on identical grounds. *See* Order dated December 19, 2000 at 17:8–10. That order expired by operation of law on March 19, 2001. *See* 18 U.S.C. § 3626(a)(2).

## II.

### PRELIMINARY INJUNCTION

Plaintiffs move for a preliminary injunction identical to the two previously entered by this court. They argue that the court may summarily reenter a preliminary injunction based upon the principles of law of the case.

 The law of the case doctrine requires that when a court decides on a rule,

---

1. By a separately filed non-published order, I resolve the remaining issues raised in the defendants' opposition to plaintiffs' motion for a preliminary injunction. *See Kouba v. Allstate Ins. Co.*, 523 F.Supp. 148, 151, n. 2.

(1981), *rev'd on other grounds*, 691 F.2d 873 (9th Cir.1982).

2. Jumu'ah is a special prayer service enjoined upon Muslims.

it should ordinarily follow that rule during the pendency of the matter. *See Arizona v. California,* 460 U.S. 605, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). It is, of course, merely a prudential doctrine; nonetheless, the doctrine guides the court's discretion on issues such as the one at bar. *See Slotkin v. Citizens Cas. Co.,* 614 F.2d 301, 312 (2d Cir.1979) (The law of the case "does not constitute a limitation on the court's power but merely expresses the general practice of refusing to reopen what has been decided.") "The rule of practice promotes finality and efficiency of the judicial process by protecting against the agitation of settled issues .... " *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (citations and internal quotation marks omitted). Grounds justifying departure from the law of the case include substantially different evidence, a change in controlling authority or the need to correct a clearly erroneous decision which would work a manifest injustice. *See White v. Murtha,* 377 F.2d 428, 431–432 (5th Cir.1967).

All of the defendants' contentions were previously argued and rejected when the court issued the first and second preliminary injunction. The court now affirms its prior rejection of these arguments because the defendants have failed to identify substantially different evidence, a change in the controlling legal authority, or any error in the court's prior decision. *See id.* Nonetheless, the court believes a brief further discussion is warranted of defendants' persistent insistence that successive injunctions renders 18 U.S.C. § 3626(a)(2) nugatory. Put directly, as I explain below, the assertion is without merit.

■ As I have previously noted, the statute in its plain terms simply does not address the issue of successive injunctions. Nor do successive injunctions render the expiration ordered by the statute without substance. On the contrary, the process requires periodic reconsideration of the propriety of continued interim relief, placing the burden on plaintiff to justify a successive injunction.

The fact that in the instant case the plaintiffs have been able to rely on the doctrine of the law of the case to justify continued relief in no way counters the effect of the statute noted above. That reliance simply reflects that the record is unchanged and continues to reflect that plaintiffs have demonstrated a likelihood of prevailing on the merits and threatened imminent irreparable injury. Moreover, if defendants had not appealed this court's previous order, the matter would likely have been put to trial and a final order entered, one way or another. Surely the statute cannot be read so as to permit defendants to frustrate the accomplishment of an early resolution and then demand to be free of the injunction by virtue thereof.

Finally, I note that if carried to its logical conclusion defendants' position would bar successive suits, as well as successive interim relief. Such a reading is implausible, as rather than amending 42 U.S.C. § 1983 in prison conditions cases, it would have the effect of partially repealing it, a holding contrary to the canon of construction disfavoring repeal by implication. *See Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1017, 104 S.Ct. 2862, 81 L.Ed.2d 815 (1984) (citations omitted).

Based on the foregoing reasons, the court DENIES defendants' contention that plaintiffs cannot seek a preliminary injunction to protect their right to attend Jumu'ah.

IT IS SO ORDERED.