# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 16, 2011

Lyle W. Cayce
Clerk

No. 10-20813
Summary Calendar

In the Matter of:  MARVIN E. MOYE; JOAN M. MOYE,

                              Debtors

_____

HARDY RAWLS ENTERPRISES L.L.C.,

                              Appellant

v.

TRUSTEE LOWELL T. CAGE,

                              Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2747

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hardy Rawls Enterprises, LLC ("HRE") appeals the district court's order affirming the bankruptcy court's denial of its proof of claim.  We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20813

## I.    FACTS

The debtors, Marvin and Joan Moye, sold motor vehicles.  In 1989, the debtors, doing business as JMW Auto Sales, began selling used motor vehicles by purchasing them at auction or from car-rental agencies, refurbishing them, and then reselling them at auction.  HRE financed the debtors' inventory.  From 2002 until late 2007, the debtors opened and operated two additional used-car retail sale lots. HRE and two other entities, Dealer Services Corporation ("DSC") and Automotive Finance Corporation ("AFC"), financed the inventory for these lots.  Both DSC and AFC filed UCC liens against the inventory; HRE did not.

Customers purchasing vehicles from the debtors could obtain financing in-house. The debtors used a "Motor Vehicle Retail Installment Sales Contract," under which the purchase financing was secured by the used car the customer bought. "JMW Auto Sales" was the listed lienholder on the certificate of title issued to the customer. HRE retained possession of many of the original titles.

On October 31, 2007, an involuntary chapter 7 bankruptcy petition was filed against JMW Motors. On November 6, 2007, JMW Auto Sales filed a voluntary chapter 7 petition. HRE subsequently filed a proof of claim in the amount of $1,756,012, of which $1,556,012 was identified as secured.  The proof of claim identified the secured claim as "motor vehicle" and as "Rev-Vehicle Sales." Attached to the proof of claim was a "Summary of Voluminous Documents" that stated as follows:

> Trustee has possession of approximately 150+ titles reflecting, in princip[al] part, claims of $1,556,012 resulting from "floor plan" loans, on various dates, by creditor on vehicles secured by purchase money security interests and the titles to the vehicles. Additionally, there is an unsecured loan of $200,000 made by creditor to debtors.

The Trustee filed an objection to HRE's claim, arguing: (1) that HRE had failed to provide documentation supporting the amounts due on its claim; (2) that HRE had failed to perfect its interest in the vehicles because it did not file

No. 10-20813

a UCC financing statement; and (3) that HRE's claim to the vehicles did not comply with the statute of frauds. AFC also filed an objection to HRE's proof of claim, asserting that it had a security agreement and UCC-1 financing statements covering all the vehicles in which HRE claimed an interest. AFC also filed a motion to compel the Trustee to turn over 158 certificates of vehicle title that HRE had given the Trustee, arguing that it had a first priority security interest. HRE filed an opposition to AFC's motion, arguing that it had a superior security interest in the vehicle titles.

On August 25, 2008, the bankruptcy court held a two-day hearing on AFC's motion to compel. At the hearing, HRE conceded that AFC had a security interest in the vehicles, but argued that it had a superior interest because it provided the debtors with financing to purchase vehicles and kept the certificates of title until the debtor paid the loan. Several days later, the court issued an order holding that HRE did not have a perfected security interest in the vehicle titles because the Texas Certificate of Title Act and the UCC do not recognize possessing title as a means of perfecting a lien. HRE did not appeal this order and AFC foreclosed on the 158 vehicle titles.

In October 2008, the bankruptcy court gave the parties an opportunity to brief whether its previous order (on AFC's motion to compel) precluded re-litigating (in the context of the Trustee's opposition to HRE's proof of claim) whether HRE had a perfected security interest in the vehicles. The Trustee moved for judgment on the pleadings, asserting that HRE's security interest was unperfected under the law of the case and that the bankruptcy court's previous order controlled the disposition of HRE's proof of claim. HRE responded, reurging the legal positions it took in opposition to AFC's motion to compel.

In July 2009, the bankruptcy court rejected HRE's proof of claim, holding that HRE did not have a perfected security interest in the vehicles under the law of the case. HRE moved for reconsideration and rehearing, arguing that its

3

No. 10-20813

interest in the vehicle titles was perfected and that it was entitled to a hearing on its proof of claim under Bankruptcy Rules 3007[1] and 7001[2]. The bankruptcy court denied HRE's motion for reconsideration.

HRE appealed the bankruptcy court's order to the district court, raising two arguments. HRE first argued that the bankruptcy court violated Bankruptcy Rules 3007 and 7001 and denied it due process by failing to conduct an evidentiary hearing or trial before denying its proof of claim. It also argued that it had a secured interest in the vehicles because "UCC § 9-311 permits a creditor to comply with a state certificate of title act in lieu of filing a UCC financing statement." The district court rejected HRE's arguments. It held that: (1) any violation of the Bankruptcy Rules was harmless in light of the bankruptcy court's full consideration of HRE's evidence and arguments during the August hearing; (2) the August hearing satisfied HRE's due process rights; and (3) the UCC did not permit HRE to perfect its interest in the vehicle inventory through title possession. HRE timely appeals.

## II.    STANDARD OF REVIEW

We review the bankruptcy court's conclusions of law de novo and its findings of facts for clear error. *LSP Inv. P'ship v. Bennett* (*In re Bennett*), 989 F.2d 779, 781 (5th Cir. 1993).

## III.    DISCUSSION

### A.    Due Process and Bankruptcy Rules 3007 and 7001

---

[1] Rule 3007 describes the procedures for filing objections to claims against a bankruptcy estate. Rule 3007(a) requires that an objector file the objection in writing and give a creditor 30-days notice prior to a hearing. Rule 3007(b) requires parties asking the bankruptcy court to determine the validity or priority of secured claims to raise their objections to the claim in an adversarial proceeding. *See* FED. R. BANK. P. 7001.

[2] Rule 7001(2) states that a proceeding "to determine the validity, priority, or extent of a lien or other interest in property" is an adversarial proceeding subject to the procedural safeguards in Bankruptcy Rules 7001-7071. *See In re Eads*, 417 B.R. 728, 740 (Bankr. E.D. Tex. 2009).

No. 10-20813

HRE first argues that the bankruptcy court's failure to hold an evidentiary hearing before denying HRE's proof of claim violated Bankruptcy Rules 3007 and 7001 and denied it due process. It argues that the bankruptcy court's August 2008 hearing could not be the law of the case on the question of whether HRE had a valid security interest in the vehicles because "the AFC motion simply sought affirmative relief for AFC in establishing its priority among secured creditors . . . . The motion did not challenge [HRE's] proof of claim and certainly [HRE] had no notice that there was any . . . intent to use the resulting hearing as a substitute for [HRE's] entitlement to a hearing on objections to its proof of claim."

HRE's argument has no merit. "Under the law-of-the-case doctrine, a court follows its prior final decisions in the case as the law of that case, except for a few narrow exceptions. The doctrine encompasses those decisions decided by necessary implication as well as those decided explicitly." *Pritchard v. U.S. Tr.* (*In re England*), 153 F.3d 232, 235 (5th Cir. 1998) (internal citations and quotation marks omitted). This rule is "based on the salutary and sound public policy that litigation should come to an end." *Carpa, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316, 1319 (5th Cir. 1978) (quoting *White v. Murtha*, 377 F.2d 428, 431 (5th Cir. 1967)).

As the bankruptcy court noted in its August order, HRE "assert[ed] that its possession of the vehicle titles both creates and perfects a superior security interest" to AFC's. In order to decide whether HRE had a superior security interest to AFC, the bankruptcy court necessarily had to determine (1) whether HRE had a perfected security interest in the vehicle and (2) whether HRE had filed or perfected its interest before AFC. *See* TEX. BUS & COM. CODE § 9.322 ("Conflicting perfected security interests and agricultural liens rank according to priority in time of filing or perfection."). After a two-day hearing, the bankruptcy court answered the first question in the negative. Having already

decided that HRE did not have a perfected security interest in the vehicles, the bankruptcy court properly applied the law of the case doctrine to the Trustee's objections to HRE's proof of claim.

Our holding that the bankruptcy court correctly applied the law of the case disposes of HRE's argument that the court violated the Bankruptcy Rules. HRE does not dispute that the two-day August hearing was an adversarial hearing that satisfies Bankruptcy Rules 3007 and 7001. Because HRE had already received an adversarial hearing on the issue of whether it had perfected its claim on the vehicles, the bankruptcy court's failure to hold a meaningless adversarial hearing in order to apply the law of the case and deny HRE's proof of claim was therefore inconsequential. Likewise, HRE does not argue that the two-day August hearing violated its due process rights. The bankruptcy court's failure to convene another adversarial hearing merely to apply the law of the case did not violate HRE's due process rights.

B.     HRE's security interest in the vehicles

HRE next argues that the bankruptcy and district courts erred in holding that it did not have a perfected security interest in the vehicles.

Texas Transportation Code § 501.111 states:

> (a) Except as provided by Subsection (b), a person may perfect a security interest in a motor vehicle that is the subject of a first or subsequent sale only by recording the security interest on the certificate of title as provided by this chapter.
> (b) A person may perfect a security interest in a motor vehicle held as inventory by a person in the business of selling motor vehicles only by complying with [UCC] Chapter 9 . . . .

A person may perfect a security interest in inventory by filing a financing statement with the Secretary of State. TEX. BUS. & COM. CODE § 9.310(a); *Apeco Corp. v. Bishop Mobile Homes, Inc.*, 506 S.W.2d 711, 717 (Tex. Civ. App.—Corpus Christi 1974, writ ref'd n.r.e.) ("In Texas, a security interest in a vehicle may be perfected in two ways. If the vehicle is part of inventory, the

security interest must be filed with the Secretary of State."). Texas Transportation Code § 501.114(a) states:

> A lienholder may assign a lien recorded under Section 501.113 without making any filing or giving any notice under this chapter. The lien assigned remains valid and perfected and retains its priority . . . .

HRE essentially argues it obtained a perfected security interest through assignment under § 501.114(a) and therefore did not have to file a UCC filing statement as required by § 501.111(b). Thus, HRE argues:

> It is undisputed that the original lienholders on the instant vehicles had perfected their security interest in the vehicles by causing their names to be notated on the titles in question which were then acquired by [HRE] which financed the vehicle purchases at auction. [HRE] was then successor and assignee of the interest of the former lienholder and was not required to re-title the vehicles with its own name on the title in order to have a perfected security interest.

It cites to *In re Clark Contracting Services, Inc.*, where the district court addressed whether Wells Fargo, the purchaser of a secured loan by a financing company for the purchase of several trucks, maintained a perfected security interest in the trucks even though the financing company failed to have the certificates of title changed to reflect Wells Fargo as the lienholder. 438 B.R. 913 (W.D. Tex. 2010). Interpreting § 501.114(a), the court held that § 501.114(a) did not require Wells Fargo to be listed on the certificate of title in order to succeed to the financing company's perfected status. *Id.* at 925.

HRE's argument has no merit because it miscomprehends the nature of its purchase. Unlike *In re Clark Contracting Services*, HRE did not *purchase* the *vehicle liens* at auction. Instead, it *financed* JMW Auto's purchase of the *vehicles* at auction. In doing so, it was not being assigned a previously perfected security interest, it was creating a new security interest in the vehicles. And because the vehicles were purchased by JMW Auto and held as inventory, HRE was required under § 501.111(b) to file a UCC financing statement to perfect its security

interest.  It failed to do so, and therefore did not have a perfected security interest in the vehicles at issue here.

IV.    CONCLUSION

For the foregoing reasons, the district court's order is AFFIRMED.